RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0240P (6th Cir.)
File Name: 03a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

CLARENCE D. ROBERTS,
    *Petitioner-Appellant,*

    *v.*
              No. 01-3851

HAROLD E. CARTER, Warden,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 00-00409—George C. Smith, District Judge.

Argued: May 8, 2003

Decided and Filed: July 23, 2003

Before: KENNEDY, SILER, and GILMAN, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** James R. Foley, PUBLIC DEFENDER'S
OFFICE, Columbus, Ohio, for Appellant. Norman E. Plate,
OFFICE OF THE ATTORNEY GENERAL,
CORRECTIONS LITIGATION SECTION, Columbus, Ohio,
for Appellee. **ON BRIEF:** David H. Bodiker, Tina M.

Falasca, PUBLIC DEFENDER'S OFFICE, Columbus, Ohio,
for Appellant. Stuart W. Harris, KEGLER, BROWN, HILL
& RITTER, Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge. Clarence Roberts was
convicted of aggravated robbery and murder in the Court of
Common Pleas for Guernsey County, Ohio. After
unsuccessfully appealing his case in the Ohio state courts,
Roberts filed a petition for a writ of habeas corpus under 28
U.S.C. § 2254 in the United States District Court for the
Southern District of Ohio. The district court denied the writ.
This Court granted Roberts a certificate of appealability with
respect to the following claims: (1) whether Roberts was
deprived of a fair trial, a trial by jury, and due process when
the trial court ordered that alternate jurors be present during
deliberations; and (2) whether Roberts was deprived of the
effective assistance of appellate counsel when his appellate
counsel failed to raise as error the trial court's order that
alternate jurors be present during deliberations. We
**AFFIRM** the district court's denial of Roberts' petition for
the following reasons.

**I.**

Clarence Roberts was charged with one count of aggravated
robbery and one count of aggravated murder with a death
penalty specification. At the time of Roberts' trial, Ohio Rule
of Criminal Procedure 24(F) stated that "[a]n alternate juror
who does not replace a regular juror shall be discharged after
the jury retires to consider its verdict." Over the objection of
defense counsel, the state trial court ordered the two alternate
jurors to join the twelve regular jurors in the jury room so that
they would know what happened during deliberations, in case
an alternate needed to be substituted for a regular juror. The

alternate jurors, who were present during both the guilt and penalty phase deliberations, were instructed to not participate in the deliberations. Neither alternate juror was ever called to substitute for a regular juror.

The jury convicted Roberts of aggravated robbery and murder. It did not return a death verdict. Roberts was sentenced to ten years on the robbery charge and life imprisonment on the murder charge, with the sentences to be served consecutively. On direct appeal, the Ohio Court of Appeals affirmed the convictions, and the Ohio Supreme Court denied review. Roberts' appellate attorney did not assign as error the trial court's order that the alternate jurors be present during jury deliberation.

Roberts applied to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B), claiming that "Appellate counsel renders constitutionally ineffective assistance of counsel on the appeal as of right where such counsel fails to recognize, assign, argue and properly brief the clear violation of [Ohio Criminal Procedure Rule] 24(F), permitting alternate jurors to be present during jury deliberations, over Defendant's objection." The state appeals court denied the motion, and the Ohio Supreme Court denied review.

Roberts then filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio, claiming five grounds for relief. The district court denied the petition, as well as Roberts' request for a certificate of appealability. Roberts filed a notice of appeal and a motion for a certificate of appealability, which this Court granted.

## II.

This Court reviews *de novo* the disposition of a petition for a writ of habeas corpus. *Carpenter v. Mohr*, 163 F.3d 938, 942-43 (6th Cir. 1998). Section 2254(d) of title 28 of the

United States Code sets forth the standard for granting a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, to be entitled to relief under § 2254(d), this Court must find that the decision of the Ohio courts was either contrary to, or an unreasonable application of, the Supreme Court's clearly established precedents, or was based on an unreasonable determination of the facts. *Price v. Vincent*, 123 S.Ct. 1848, 1852-53 (2003).

Because the parties do not contest the facts established in this case, Roberts' claims must be analyzed under § 2254(d)(1). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 413. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

### A.

As his first ground for relief, Roberts claims that by permitting the alternate jurors to be present during jury deliberations, the trial court deprived him of his rights to a fair trial, a trial by jury, and due process. The State argues that Roberts defaulted this claim when he failed to raise it on direct appeal to the Ohio state courts. Roberts counters that the issue was raised and addressed on the merits by the Ohio Court of Appeals in its consideration of his application to reopen his direct appeal. Roberts' Application to Reopen under Ohio Appellate Rule 26(B)**,** however, was limited to the claim that "Appellate counsel renders constitutionally ineffective assistance of counsel on the appeal as of right where such counsel fails to recognize, assign, argue and properly brief the clear violation of [Ohio Rule of Criminal Procedure] 24(F), permitting alternate jurors to be present during jury deliberations, over Defendant's objection." Roberts' Rule 26(B) application presented an intertwined claim of a constitutional violation (ineffective assistance of appellate counsel) and a state procedural rule violation (alternate jurors presence in jury deliberations). Roberts' first ground for habeas relief presents two intertwined constitutional claims (ineffective assistance of appellate counsel and deprivation of fair trial, jury trial and due process rights). Because Roberts never raised the due process component of his first claim for habeas relief to the Ohio courts, this claim is procedurally defaulted and may not be considered on federal habeas review. *Teague v. Lane*, 489 U.S. 288, 297-98 (1989) (holding that a procedural default

occurs when petitioner fails to present an issue to a state appellate court when provided the opportunity to do so).[1]

Roberts' Final Reply Brief contends that this claim is not barred because he can show cause and actual prejudice sufficient for this Court to reach the merits of the claim. This Court may consider a procedurally defaulted claim if Roberts can demonstrate cause for his procedural default and prejudice resulting from the constitutional error asserted by the claim. *Wainright v. Sikes*, 433 U.S. 72, 86-87 (1977). Roberts, however, fails to advance any argument in support of a finding of cause and prejudice. As such, we consider Roberts' cause and actual prejudice argument abandoned. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000) (court of appeals will not consider merits of error assignment when defendant fails to advance any arguments in support of claimed error).

### B.

As his second ground for relief, Roberts claims that he was deprived the effective assistance of appellate counsel when his appellate counsel failed to raise as error the trial court's order that the alternate jurors be present during jury deliberations. To show a violation of the Sixth Amendment right to counsel, clearly established Supreme Court precedent requires a defendant to demonstrate (1) that his or her attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the attorney's deficient performance was so prejudicial that it deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate that counsel's performance was deficient, a

---

[1] As we explain in Part B, the Ohio Court of Appeals did not address the merits of Roberts' claim regarding the presence of the alternate jurors in its consideration of his Rule 26(B) application. Thus, we also cannot say that the Ohio courts reached the merits of this claim.

defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish that counsel's deficient performance was prejudicial, a defendant "must show that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because the question of whether a defendant is deprived of effective counsel is a mixed question of law and fact, the "unreasonable application" prong of § 2254(d)(1) controls our analysis. *French v. Jones*, 2003 WL 21348339 (6th Cir. June 11, 2003). We, therefore, next consider whether the Ohio courts unreasonably applied the *Strickland* test to Roberts' ineffective appellate counsel claim.

Ohio Appellate Rule 26(B) permits a criminal defendant to apply to reopen the direct appeal based on a claim of ineffective assistance of appellate counsel. The application consists of one or more assignments of error that were not previously considered due to appellate counsel's allegedly deficient representation. Ohio App. R. 26(B)(1)(c). When considering an application to reopen, the state appeals court conducts a two-part inquiry. First, the court determines whether the applicant was deprived of the effective assistance of appellate counsel. Ohio App. R. 26(B)(5). If the defendant makes a colorable ineffective assistance of appellate counsel claim, the court then considers the assigned error(s) as if raised on an initial appeal. Ohio App. R. 26(B)(7).

Roberts' Rule 26(B) application contended that "Appellate counsel renders constitutionally ineffective assistance of counsel on the appeal as of right where such counsel fails to recognize, assign, argue and properly brief the clear violation of [Ohio Rule of Criminal Procedure] 24(F), permitting alternate jurors to be present during jury deliberations, over Defendant's objection." Because the Ohio courts had not addressed the issue of a Rule 24(F) violation in a case where defense counsel had timely objected, Roberts' application urged the state appeals court to find that a violation of Rule 24(F) constitutes prejudice as a matter of law under such

circumstances. Roberts argued that the court should presume prejudice to the defendant because the alternate jurors may have participated in deliberations through body language and the alternate jurors presence may have had a chilling effect on the regular jurors' deliberations, citing *United States v. Olano*, 507 U.S. 725 (1993), for support. Roberts, however, did not address the merits of his ineffective assistance of appellate counsel claim.

The Ohio Court of Appeals denied Roberts' Rule 26(B) application. The court affirmed that a claim of ineffective assistance of appellate counsel is analyzed under the two-part *Strickland* test. In holding that Roberts' failed to demonstrate that he was deprived constitutionally effective appellate counsel, the court stated that "Appellant's argument he was prejudiced by the presence of the alternate jurors during deliberations is based purely upon speculation and is unsupported by the record. We find that the state of the present record does not support appellant's assertion." In light of the requirements of Rule 26(B), the court's holding must be read as pertaining to the merits of Roberts' ineffective assistance of appellate counsel claim, not his state procedural rule claim.

The state appeals court's analysis of Roberts' ineffective assistance of appellate counsel claim is not objectively unreasonable. Under the prejudice prong of the *Strickland* test, Roberts had the burden of proving that there is a reasonably probability that, but for his appellate counsel's error in not raising the Rule 24(F) violation, his direct appeal would have provided him with relief from his conviction. Roberts did not argue, let alone prove, that the result of his direct appeal would likely have been different if his original appellate counsel had raised the state trial court's violation of Rule 24(F). Rather, he argued that the state appeals court should adopt a rule that presumes prejudice when a Rule 24(F) violation occurs over objection by defense counsel.

As the Ohio Supreme Court has observed recently, the propriety of alternate jurors being present during jury deliberations "was a subject of much misunderstanding" after the court's decision in *State v. Hutton*, 559 N.E.2d 432 (1990). *State v. Gross*, 776 N.E.2d 1061, 1109 (2002). In 1999, when the state appeals court denied Roberts' Rule 26(B) application, a state appeals court had previously held that the presence of alternate jurors during guilt phase deliberations of a capital case did not violate Rule 24(F) because *Hutton* made the rule inapplicable to capital cases. *State v. Voorhies*, No. 94-CA-8, 1995 WL 495820 (Ohio App. 5 Dist. June 14, 1995). Because the *Voorhies* court had determined that Rule 24(F) was not applicable to cases such as Roberts, the appeals court that considered Roberts' Rule 26(B) application could not have found that there was a reasonable probability that, on direct appeal, a Rule 24(F) violation over objection would have been found to constitute reversible error.[2]

Roberts argues that *Olano* dictates that the Ohio courts find that a violation of Rule 24(F) over objection places the burden of proving the absence of prejudice on the government. The *Olano* Court addressed the question of whether "the presence of alternate jurors during jury deliberations was 'plain error' that a court of appeals could correct under Federal Rule of Criminal Procedure 52(b)." 507 U.S. 725, 737 (1993). At the time, Federal Rule of Criminal Procedure 24(c) required that "[a]n alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict." The Court held that because "[t]he presence of alternate jurors during jury deliberations is not the kind of error that 'affect[s] substantial rights independent of its prejudicial impact," *id.* at 737, and Olano had not objected to the alternates presence in the jury deliberations, he bore the burden of persuasion with

---

respect to prejudice under Rule 52(b), *id.* at 734. The Court declined to presume prejudice based on the alternates' mere presence because (1) alternate jurors were indistinguishable from the regular jurors, and (2) the district court instructed the alternates to not participate in jury deliberations and the law assumes that jurors will follow their instructions. *Id.* at 740. The Court made clear that its analysis did not reach a case in which Rule 24(c) was violated over objection. *Id.* at 741 ("Whether the Government could have met its burden of showing the absence of prejudice, under Rule 52(a), if respondents had not forfeited their claim of error, is not at issue here.").

What Roberts' argument overlooks is that *Olano* clearly held that the mere presence of alternate jurors in jury deliberations does not affect a defendant's substantial rights. Thus, *Olano* does not require the Ohio courts to find that a violation of its similarly worded procedural rule deprives a defendant of his or her constitutional rights. In fact, because the Ohio Court of Appeals did not reach the merits of Roberts' claim regarding the alleged violation of Rule 24(F), the court had no occasion to consider whether *Olano* should or should not guide its interpretation of its rule. Further, the fact that *Olano* suggests that the government has the burden of proving the absence of prejudice when a defendant preserves a Federal Rule 24(c) error does not shift the burden of proving prejudice (or the absence thereof) when a defendant claims a violation of his or her Sixth Amendment right to counsel based on the violation of a state procedural rule.

### III.

In sum, because the Ohio Court of Appeals did not unreasonably apply the *Strickland* test to Roberts' ineffective assistance of appellate counsel claim, we **AFFIRM** the district court's denial of his petition for a writ of habeas corpus.

---

[2] The *Gross* court subsequently held that a violation of Rule 24(F) over objection creates a presumption of prejudice to the defendant that may be rebutted by the state. 776 N.E.2d at 1098.