OPINION
{¶ 1} Appellant, Matthew F. Herboltzheimer, appeals from the judgment of the Franklin County Court of Common Pleas, which granted a motion to dismiss appellant's mandamus petition to compel appellee, City of Columbus ("City" or "appellee"), to provide appellant with certain records. For the reasons detailed below, we affirm.
 {¶ 2} Appellant is an inmate incarcerated at the Ross Correctional Institution. He was convicted of aggravated murder in September 2002. By letter dated November 10, 2004, appellant made a public records request for "all records of statements, reports, and complaints" on file with the Columbus Police Division concerning appellant. In particular, appellant requested reports by officers on duty on September 26, 2002, and "[a]ny reports, complaints, and/or statements" involving appellant and/or the officers involved. By letter dated November 15, 2004, the City denied the request. The City based its denial, in part, on appellant's failure to obtain a finding from the judge who sentenced him that the records he is seeking are necessary to support a justiciable claim.
 {¶ 3} On January 4, 2005, appellant filed a petition for a writ of mandamus, which sought an order to compel appellee to provide the records he requested.
 {¶ 4} On January 21, 2005, the City filed a motion to dismiss appellant's petition pursuant to Civ.R. 12(B)(6).
 {¶ 5} On March 24, 2005, the court granted the City's motion to dismiss. The court found that appellant had failed to comply with R.C.149.43(B)(4).
 {¶ 6} Appellant timely appealed to this court, and has raised the following assignment of error:
Petitioner has a legal right to the police reports, and all statements obtained on September 26, 2002 of the murder of [Ilyass Oualhadj] which involved Matthew Herboltzheimer.
 {¶ 7} We review a decision by the trial court to grant a motion to dismiss de novo. Crestmont Cleveland Partnership v. Ohio Dept. of Health
(2000), 139 Ohio App.3d 928, 936. The court dismissed appellant's petition on the grounds that appellant failed to state a claim upon which a writ of mandamus could be granted. In order to be entitled to a writ of mandamus, a relator must show: (1) a clear legal right to the relief sought; (2) a clear legal duty upon respondent to perform the requested act; and (3) the lack of a plain and adequate remedy at law. State exrel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 3.
 {¶ 8} In general, the public has a broad right to inspect or obtain copies of public records. R.C. 149.43(B)(1) through (3). As to incarcerated persons, however, R.C. 149.43(B)(4) provides:
A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 9} The trial court found that appellant had not met the conditions in R.C. 149.43(B)(4), and we agree. Based on our review of the record, we find that appellant did not allege: (1) that he filed a request for the records with the trial judge who sentenced him; or (2) that his sentencing judge has issued a decision stating that the information appellant seeks is necessary to support a justiciable claim as required by R.C. 149.43(B)(4). Thus, appellant did not show a clear legal right to obtain the records, a clear legal duty upon the City to release the records, nor a proper claim for relief. See State ex rel. Becker v. OhioState Hwy. Patrol, Franklin App. No. 02AP-918, 2003-Ohio-1450.
 {¶ 10} Appellant's reliance on Crim.R. 16 does not change this result. Crim.R. 16 relates to evidentiary disclosures in a criminal case. It has no bearing on the City's obligation to release public records.
 {¶ 11} For these reasons, we overrule appellant's assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and Travis, JJ., concur.