OPINION *Page 2 
{¶ 1} On June 30, 1997, the Guernsey County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01, and one count of aggravated murder, in violation of R.C. 2903.01, with a death penalty specification. The charges arose out of the robbery and stabbing death of Leo Sinnett on May 17, 1997. The matter proceeded to trial by jury on September 15, 1997. After hearing all the evidence and deliberations, the jury found appellant guilty of aggravated robbery and aggravated murder. The jury did not recommend the death sentence. Via Judgment of Conviction dated October 6, 1997, the trial court memorialized the jury's verdicts. Via Judgment Entry of Sentence dated November 4, 1997, the trial court sentenced appellant to life imprisonment without parole for the offense of aggravated murder and a term of ten years for the offense of aggravated robbery. The trial court ordered the sentences to run consecutively.
 {¶ 2} On November 24, 1998, this court affirmed appellant's convictions and sentences. See State v. Roberts (Nov. 24, 1998), Guernsey App. No. 97 CA 29.
 {¶ 3} After unsuccessfully appealing his case in the Ohio state courts, Roberts filed a petition for a writ of habeas corpus under28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. The district court denied the writ. The Sixth Circuit Court of Appeals granted Roberts a certificate of appealability with respect to the following claims: (1) whether Roberts was deprived of a fair trial, a trial by jury, and due process when the trial court ordered that alternate jurors be present during deliberations; and (2) whether Roberts was deprived of the effective assistance of appellate counsel when his appellate counsel failed to raise as error the trial court's *Page 3 
order that alternate jurors be present during deliberations. The court affirmed the district court's denial of Roberts' petition. Roberts v.Carter (6th Cir. 2003), 337 F.3d 609. The United States Supreme Court denied appellant's writ of Certiorari. Roberts v. Carter (2004),540 U.S. 1151, 124 S.Ct. 1150.
 {¶ 4} Thereafter, on October 1, 2004, appellant filed an application for DNA testing. The trial court denied appellant's request on December 14, 2005. This court affirmed the trial court's decision. See, State v.Roberts, 5th Dist. No. 2006-CA-02, 2006-Ohio-5018.
 {¶ 5} On May 16, 2005, appellant filed a pro se Motion to Vacate and Reconstruct Sentence pursuant to United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The trial court denied appellant's motion. In response to appellant's request for findings of fact and conclusions of law, the trial court issued those findings and conclusions on August 17, 2005. The trial court concluded that neither of Mr. Roberts' sentences exceeded the statutory maximum, and that Blakely "did not deal with the issue of consecutive sentences for multiple convictions." Judgment Entry filed August 17, 2005, at 2.
 {¶ 6} Appellant filed his appeal from the denial of his Petition to Vacate or Reconstruct Sentence. This court affirmed the trial court's decision. See, State v. Roberts, 5th Dist. No. 2005-CA-26,2006-Ohio-782.
 {¶ 7} On March 26, 2007, Roberts filed a Motion for Records, Documents, and Discovery Materials in the Guernsey County Common Pleas Court. On May 2, 2007, the Guernsey County Common Pleas Court granted in part and denied in part appellant's *Page 4 
Motion with respect to the Guernsey County Prosecutor's Office. In that entry, the Court ordered the State of Ohio to disclose all relevant discovery that does not constitute attorney work product.
 {¶ 8} On May 31, 2007, pursuant to the order of the Guernsey County Common Pleas Court, the Guernsey County Prosecutor's Office sent two hundred and four pages of discovery to the appellant. On June 4, 2007, appellant filed a Motion to Compel stating that the Prosecutor's Office did not comply with the Court Order of May 2, 2007. On June 19, 2007 appellant filed a "Motion to Supplement the Record," requesting the "Court to supplement the motions to compel now pending before [the trial court] and scheduled for a non-oral hearing on June 19, 2007." On June 19, 2007, the Guernsey County Common Pleas Court denied appellant's Motion to Compel with respect to the Guernsey County Prosecutor's Office stating that the discovery was provided. On July 13, 2007 the trial court found appellant's "motion to supplement the record" moot as the Court had previously denied appellant's motion to compel stating that the discovery was provided.
 {¶ 9} It is from this denial that appellant appeals, raising the following two assignments of error:
 {¶ 10} "I. TRIAL COURT [SIC] ABUSED ITS DISCRETION, THEREBY, COMMITTING PLAIN ERROR, WHEN IT FAILED TO ASSURE APPELLANT A FULL AND COMPLETE DISCLOSURE OF RECORDS AND DOCUMENTS OF HIS CRIMINAL CASE.
 {¶ 11} "II. TRIAL COURT OPENED DOOR" [SIC] WHEN IT MADE A PART OF ITS RULING INSTRUCTING GUERNSEY COUNTY PROSECUTOR THAT *Page 5 
APPELLANT COULD NOT HAVE ATTORNEY WORK PRODUCT WHEN APPELLANT DID NOT SEEK DISCLOSURE OF ATTORNEY WORK PRODUCT."
 I. II. {¶ 12} In his first assignment of error, appellant maintains that the trial court erred in failing to "assure [him] a full and complete disclosure of records and documents of his criminal case." In his second assignment of error appellant argues that he is entitled to discovery of attorney work product. The assignments of error are interrelated and will be addressed together.
 {¶ 13} Appellant cites neither rule of criminal procedure nor statute which authorizes a "motion to supplement the record" or a "motion to compel" to be filed in a criminal case where the defendant has exhausted his or her direct appeals. "It is the duty of the appellant, not this court, to demonstrate [his] assigned error through an argument that is supported by citations to legal authority and facts in the record."State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App. R. 16(A) (7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App. 3d 41, 60.
 {¶ 14} At best, appellant's motions can be construed as seeking disclosure of public records. R.C. 149.43(A) (1) defines a public record as "any record that is kept by any public office* * *except medical records, records pertaining to adoption, probation, and parole, records pertaining to actions under section 2151.81* * *and to appeals of actions arising under that section, records listed in division (A) of section 3107.42* * *Page 6 
*trial preparation records, confidential law enforcement records, and records the release of which is prohibited by state or federal law."
 {¶ 15} Appellant does not have an absolute right to the copying and inspection of public records. R.C. 149.43(B) (4) provides:
 {¶ 16} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to obtain a copy of any public recordconcerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." (Emphasis added.). "The language of the statute is broad and encompassing. R.C. 149.43(B) (4) clearly sets forth heightened requirements for inmates seeking public records. The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." State ex rel.Russell v. Thornton, 111 Ohio St.3d 409,412, 2006-Ohio-5858 at ¶ 14,856 N.E.2d 966; 969.
 {¶ 17} In the case at bar, appellant failed to comply with R.C. 149.43(B) (4) by not obtaining a finding by his sentencing judge that the information sought was *Page 7 
necessary to support a justiciable claim. State ex rel. Russell v.Thornton, supra, 111 Ohio St.3d at 413, 2006-Ohio-5858 at ¶ 16, 856 N.E.2d at 969; State ex rel. Sevayega v. Reis (2000), 88 Ohio St.3d 458,459, 727 N.E.2d 910; State ex rel. Rittner v. Barber, Fulton App. No. F-05-020, 2006-Ohio-592 at ¶ 14.
 {¶ 18} In the case at bar, the trial court ordered the State to provide all documents that do not constitute work product. The State provided two-hundred four pages of documents to appellant. It is axiomatic that the trial court cannot order the State to provide documents that the State does not possess. Further appellant has cited no authority to entitle him to "confidential law enforcement records" or "attorney work product."
 {¶ 19} Work product is defined as information assembled by law enforcement officials in connection with a pending or highly probable criminal proceeding. State ex rel. Gannett Satellite Info. Network, Inc.v. Petro (1997), 80 Ohio St.3d 261, 266-267, 685 N.E. 2d 1223. Trial preparation records are exempt from disclosure when such records are specifically compiled in reasonable anticipation of litigation. R.C. 149.43(A) (4). State ex rel. Williams v. Cleveland, 64 Ohio St. 3d 544,546, 597 N.E.2d 147, 149. Records containing information derived from a coroner's autopsy or information derived from particular scientific tests were exempt from release to prisoners based on the "specific investigatory work product exemption." R.C. 149.43(A) (2), (A) (2) (c).State ex rel. Williams v. Cleveland, supra. The Ohio Supreme Court has ruled that when protected information is inextricably intertwined with the remainder of the record, it is appropriate to withhold the entire document. State ex rel. Thompson Newspapers, Inc. v. Martin (1989),47 Ohio St.3d 28, 546 N.E.2d 939; State ex rel. McGee v. Ohio State *Page 8 Board of Psychology (1990), 49 Ohio St.3d 59, 550 N.E.2d 945; State exrel. Polovischak v. Mayfield (1990), 50 Ohio St.3d 51, 552 N.E.2d 635.
 {¶ 20} To the extent that appellant requests records that are exempt from disclosure in order to support a future post conviction relief petition, "[a] defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for post conviction relief." State exrel. Steckman v. Jackson (1994), 70 Ohio St. 3d 420, 639 N.E. 2d 83, paragraph six of the syllabus; State ex rel. Sevayega v. Reis (2000),88 Ohio St. 3d 458, 459, 727 N.E.2d 910. Similarly, a defendant cannot use R.C. 149.43 to support his post conviction motion for a new trial under Crim. R. 33(B). State ex rel. Sawyer v. Cuyahoga County Dept. of Childrenand Family Services, 110 Ohio St. 3d 343, 345, 2006-Ohio-4574 at ¶ 11;853 N.E.2d 657, 660. As appellant has not demonstrated that he is entitled to any records that have not already been provided by the State, the trial court did not err in finding that his motion to supplement the record was moot.
 {¶ 21} Accordingly, appellant's first and second assignments of error are overruled. *Page 9 
 {¶ 22} The judgment of the Court of Common Pleas, Guernsey County, Ohio is affirmed.
 Gwin, J., Hoffman, P.J., and Edwards, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Court of Common Pleas, Guernsey County, Ohio is affirmed. Costs to appellant.