[Cite as *State v. Armengau*, 2016-Ohio-5534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-418 |
| v. | : | (C.P.C. No. 13CR-2217) |
| Javier H. Armengau, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 25, 2016

*Michael DeWine*, Attorney General, *Jocelyn K. Lowe*, and *Katherine E. Mullin*, for appellee.

*Javier H. Armengau*, pro se.

ON MOTION TO DISMISS

KLATT, J.

{¶ 1} Defendant-appellant Javier H. Armengau filed a notice of appeal seeking review of an order entered by the Franklin County Court of Common Pleas. The matter is before us on a motion by plaintiff-appellee the State of Ohio to dismiss the appeal for lack of a final, appealable order. The state also urges dismissal based on appellant's failure to comply with R.C. 2969.25(A), which requires inmates bringing an appeal to furnish an affidavit listing prior civil actions.

{¶ 2} Appellant is incarcerated pursuant to a conviction and sentence that is currently the object of a separate appeal in this court. Seeking certain public records that he believes will exonerate him, appellant filed a public records request with the prosecutor and other public officials. Dissatisfied with the partial response to these requests, appellant moved under his original criminal case number for a determination by the trial court judge, pursuant to R.C. 149.43(B)(8), that the public records requested by appellant

were necessary to support a justiciable claim.  The trial court denied the determination on various grounds.  Appellant then filed a timely notice of appeal to this court.

{¶ 3}   The state first moves to dismiss the appeal on the basis that the denial of a public records request can only be challenged through an original action in mandamus commenced through a complaint in this court, and that a notice of appeal does not give us jurisdiction to review the trial court's order.

{¶ 4}   The state correctly points out that Ohio's public records act, R.C. 149.43 et seq., generally contemplates that mandamus is the means by which a person aggrieved by the denial of the release of records may seek redress.  R.C. 149.43(C); *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 437-39 (1994); *State ex rel. Rasul-Bey v. Onunwor*, 94 Ohio St.3d 119, 121, 2002-Ohio-67.  Such mandamus actions, however, generally arise directly from the denial by a public agency or custodian of records of a public records request.  R.C. 149.43(B)(8), in contrast, imposes an additional procedural hurdle when the requester is an inmate:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

"The language of the statute is broad and encompassing. [R.C. 149.43(B)(8)] clearly sets forth heightened requirements for inmates seeking public records.  * * *  The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St. 3d 409, 2006-Ohio-5858, ¶ 14.

{¶ 5}   As a result of this additional procedural step, an inmate seeking public records relating to a criminal investigation or prosecution may be denied access to those

records as a result of a judicial determination, rather than an administrative refusal by the record custodian. Despite the dispositive decision by a trial court in such cases regarding the availability of public records, the state argues that mandamus remains the only recourse for the aggrieved requester and that no direct appeal from the trial court's denial will lie. This is a question of first impression before this court.

{¶ 6} To define the inmate's recourse when denied a favorable R.C. 149.43(B)(8) determination by the trial court, the state relies on R.C. 149.43(C)(1), which provides that a person "allegedly aggrieved" by "the failure of a public office or the person responsible for public records to promptly prepare a public record and make it available" may commence a mandamus action "in the court of common pleas of the county in which division (B) of this section allegedly was not complied with," in the Supreme Court of Ohio, or in the appellate court for the district concerned.

{¶ 7} R.C. 149.43(C)(1) addresses a mandamus action brought to contest a denial of public records by the record custodian. Nothing in the language of that section specifically addresses a challenge to a trial court's determination pursuant to R.C. 149.43(B)(8), and the cases cited here by the state are not R.C. 149.43(B)(8) cases. In contrast, the only appellate cases we have found on point accepted such an appeal in preference to an original action for a writ.

{¶ 8} In *State v. Lather*, 6th Dist. No. S-08-036, 2009-Ohio-3215, an inmate brought a direct appeal from a judgment of the Sandusky County Court of Common Pleas that denied his request for public records pursuant to R.C. 149.43(B)(8). Apparently without challenge from the state regarding the appropriateness of the appeal, the Sixth District applied an abuse-of-discretion standard to find that the sentencing judge's determination in denying access to the public records should not be disturbed.

{¶ 9} In *State v. Thornton*, 2d Dist. No. 23291, 2009-Ohio-5049, the court explicitly rejected the state's assertion that a direct appeal was not the proper remedy after an R.C. 149.43(B)(8) denial: "We do not agree that Thornton was required to file a petition for a writ of mandamus when the sentencing judge did not find that the information was necessary to support a justiciable claim. Since a public office or public records keeper is not required to permit a prisoner to obtain a copy of any public record concerning a criminal investigation or prosecution until the sentencing judge makes the

required finding, it would be futile to bring a mandamus action against the public office or public records keeper. It is also fundamental that mandamus may not be used as a substitute for appeal when a direct appeal would provide an adequate remedy. An appeal will provide Thornton an adequate remedy and he has chosen it." (Citations omitted.) *Thornton* at ¶ 8.

{¶ 10} *Thornton* is consistent with prior decisions. Earlier, in *State v. Gibson*, 2d Dist. No. 06CA37, 2007-Ohio-7161, the Second District had accepted without comment an inmate's appeal from a trial court's R.C. 149.43(B)(8) determination and upheld it under an abuse-of-discretion standard. *See also State v. Wilson*, 2d Dist. No. 23247, 2009-Ohio-7035; *State v. Roberts*, 5th Dist. No. 2007-CA-33, 2008-Ohio-3115; *State v. Heid*, 4th Dist. No. 14CA3668, 2015-Ohio-1502; *State v. Dowell*, 8th Dist. No. 102408, 2015-Ohio-3237.

{¶ 11} It is unclear against whom a mandamus action would be brought under the state's theory. True, a writ pursuant to R.C. 149.43(C) would be the appropriate vehicle to compel compliance by a recalcitrant custodian once the trial court had issued an R.C. 149.43(B)(8) determination *granting* access to records, because that determination would have created a clear legal right of access to the records in question. *Thornton*; *see also State ex rel. Herboltzheimer v. Columbus*, 10th Dist. No. 05AP-397, 2005-Ohio-5169 (finding no duty on the part of custodian in the absence of an R.C. 149.43(B)(8) determination). However, to seek a writ against the custodian after a trial court determination *denying* access would be futile, and to seek a writ against the trial court itself would be misplaced because a writ will not issue to control the exercise of judicial discretion. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987); *State ex rel. McGrath v. Calabrese*, 8th Dist. No. 97082, 2011-Ohio-4833 (mandamus will not lie to compel a judicial official to alter a judicial determination or compel an outcome in a judicial proceeding).

{¶ 12} As such, we find that a direct appeal from an unfavorable R.C. 149.43(B)(8) determination is the appropriate means by which an inmate may challenge the trial court's action. This mechanism better serves the interest of judicial economy and, by applying the 30-day filing requirement for an appeal under App.R. 4, suitably limits the

chronological scope of such challenges. The trial court's R.C. 149.43(B)(8) determination here is a final appealable order.

{¶ 13} We now turn to the state's assertion that we must dismiss the appeal because appellant has not complied with the requirements of R.C. 2969.25(A). This argument has merit.

{¶ 14} R.C. 2969.25(A) specifies that "[a]t the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit" describing each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The Supreme Court of Ohio has stated that "[i]t is well settled that '[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, quoting *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5. Even an attempt to later correct the deficiencies with the documents necessary to satisfy R.C. 2969.25 will fail because the documents must be filed at the time the complaint is filed. *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 11.

{¶ 15} R.C. 2969.25 applies to actions addressing access to public records under R.C. 149.43. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-332, 2011-Ohio-5401, ¶ 7. Appellant did not file the requisite affidavit detailing his prior and pending civil actions when commencing the present appeal. He argues that he has duly filed his affidavit of indigency and inmate accounts required by R.C. 2969.25(C). This does not fulfil the statutory requirements of R.C. 2969.25(A). *Brown* at ¶ 6. Appellant's failure to comply fully with the requirements of R.C. 2969.25(A) when he filed his notice of appeal causes us to dismiss the appeal.

{¶ 16} Accordingly, we deny the state's motion to dismiss the appeal for lack of a final appealable order but grant the state's motion to dismiss the appeal for failure to comply with R.C. 2969.25(A).

*Motion to dismiss granted.*

TYACK and BROWN, JJ., concur.

_____