[Cite as *State ex rel. Chapman v. Byrd*, 2022-Ohio-469.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.,
LITRELL CHAPMAN,                   :

     Relator,                    :

                                              No. 111051

     v.                          :

NAILAH K. BYRD, ET AL.,            :

     Respondents.                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 11, 2022

---

Writ of Mandamus
Motion No. 551644
Order No. 552341

---

### *Appearances:*

Litrell Chapman, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, *for respondents.*

MARY J. BOYLE, J.:

{¶ 1} On November 29, 2021, the relator, Litrell Chapman, commenced this public records mandamus action against the respondents, Clerk of Courts Nailah Byrd and Cuyahoga County Prosecutor Michael O'Malley. Chapman

requested the witness statements of Clinton Robinson and Timothy Larkins from the case *State v. Chapman,* Cuyahoga C.P. No. CR-96-345622-A ("the underlying case"). On January 3, 2022, the respondents moved to dismiss because Chapman did not comply with R.C. 149.43(B)(8) that requires an inmate to obtain judicial permission to obtain public records and with R.C. 2969.25(A) that requires stating all prior civil actions the inmate commenced within the last five years. On January 18, 2022, Chapman filed his opposition, including a supplemental affidavit. On January 24, 2022, the respondents filed reply briefs. For the following reasons, this court grants the respondents' motion to dismiss.

{¶ 2} In the underlying case in 1997, a jury found Chapman guilty of aggravated murder, aggravated burglary, and aggravated robbery. The evidence showed that Chapman suggested to two accomplices that they rob David White. They then went to his apartment and kicked in the door. When White confronted the burglars, Chapman shot White in the chest. Chapman fled the apartment after a quick search for money. *State v. Chapman,* 8th Dist. Cuyahoga No. 72532, 1998 Ohio App. LEXIS 3042 (July 2, 1998).

{¶ 3} In the underlying case in January 2018, Chapman pursuant to R.C. 149.43(B)(8) moved the trial court for permission to obtain the witness statements of Robinson and Larkins. He alleged that they testified that they saw him enter the apartment, but that in a codefendant's case they testified that they never saw anyone enter White's apartment. Chapman argued that by obtaining the original witness

statements he could show that the prosecutor used perjured testimony to obtain his conviction. The trial court summarily denied the motion on February 12, 2018.

{¶ 4} In November 2019, Chapman again sought permission to obtain public records pursuant to R.C. 149.43. The trial court denied the motion on December 5, 2019. Chapman appealed neither of these decisions, nor as shown by the docket of the underlying case, did he file another request for permission.

{¶ 5} On January 27, 2021, Chapman made a public-records request to the prosecutor and clerk of courts for Robinson's and Larkins's witness statements. In his request to the clerk, Chapman mentioned that his intention is to use the records to file a R.C. 309.05 complaint to remove the prosecutor. Chapman reasserted his request to the clerk in May 2021. When neither party fulfilled his requests, Chapman commenced this public records mandamus action.

{¶ 6} R.C. 149.43(B)(8) provides in pertinent part as follows:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to a justiciable claim of the person.

{¶ 7} The Supreme Court of Ohio has affirmed that the failure to first obtain a finding from the sentencing judge that the information sought in the public-records request is necessary to support a justiciable claim precludes a requester's

entitlement to the records. *State ex rel. Russell v. Bican,* 112 Ohio St.3d 559, 2007-Ohio-813, 862 N.E.2d 102. Specifically, in *State ex rel. Bey v. Byrd,* 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.2d 57, the Supreme Court of Ohio clarified that R.C. 149.43, as compared to the Rules of Superintendence, governs requests for case documents in cases that were commenced prior to July 1, 2009. Thus, there is no doubt that Chapman had to obtain judicial permission to obtain the requested records.

{¶ 8} Chapman argues that because he is seeking records to enforce R.C. 309.05 to remove the prosecutor for using perjured evidence, he is not seeking records to support a justiciable claim of his, such as a motion for new trial or a postconviction-relief petition. Thus, the requirement is inapplicable in this case. However, this argument is unpersuasive. Subsection (B)(8) mandates a condition precedent for inmates getting records: The sentencing judge or the judge's successor must approve the request for the records and the records must be for a specific purpose, to support a justiciable claim. If the condition is not fulfilled, the incarcerated person is not entitled to the records. To the extent that Chapman argues that mandamus should issue because the judge abused her discretion in denying the (B)(8) motions, the argument is unpersuasive. The appropriate remedy for an unfavorable R.C. 149.43(B)(8) decision is a direct appeal. *State v. Armengau,* 10th Dist. Franklin No. 16AP-418, 2016-Ohio-5534, and *State v. Dowell,* 8th Dist. Cuyahoga No. 102408, 2015-Ohio-3237. In the present case, Chapman did not

fulfill the condition, and he is not entitled to a writ of mandamus to enforce R.C. 149.43.

{¶ 9} Additionally, Chapman did not comply with R.C. 2969.25(A), which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 696 N.E.2d 594 (1998), and *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997).

{¶ 10} In the present case, Chapman did file a prior lawsuit affidavit, but he omitted a federal habeas corpus action. When the respondents argued that the case should be dismissed for failure to fulfill this requisite, Chapman filed a supplemental affidavit that included the federal habeas case. However, the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured. "A belated attempt to amend or file a correct affidavit does not excuse noncompliance with R.C. 2969.25." *State ex rel. Watkins v. Andrews,* 142 Ohio St.3d 308, 2015-Ohio-1100, 29 N.E.3d 967, ¶ 8, and *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

{¶ 11} Accordingly, this court grants the respondents' motion to dismiss and dismisses this application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 12} Complaint dismissed.

_____
MARY J. BOYLE, JUDGE

SEAN C. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR