THE STATE EX REL. RUSSELL, APPELLANT, *v.* BICAN, CHIEF OF POLICE.

[Cite as *State ex rel. Russell v. Bican,* 112 Ohio St.3d 559, 2007-Ohio-813.]

(No. 2006–2202—Submitted February 14, 2007—Decided March 14, 2007.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a public-records mandamus case because appellant, an inmate, failed to comply with R.C. 149.43(B)(4) by not obtaining a finding by his sentencing judge that the information sought was necessary to support a justiciable claim. We affirm the judgment of the court of appeals.

{¶ 2} In 2003, appellant, Robert W. Russell, was convicted of rape, attempted rape, felonious sexual penetration, gross sexual imposition, and kidnapping, and was sentenced to an indefinite term of ten years to life in prison.

{¶ 3} Russell subsequently requested that appellee, North Royalton Police Chief Paul M. Bican, provide him with access to certain records, including offense and incident reports and records relating to certain people. Chief Bican denied Russell's requests because under R.C. 149.43(B)(4), he was not required to provide copies of the requested records until Russell obtained an order from his sentencing court finding that his request was necessary to support a justiciable claim.

{¶ 4} In December 2005, Russell filed a petition for a writ of mandamus to compel Chief Bican to provide him with copies of the requested records pursuant to R.C. 149.43, the Ohio Public Records Act. Chief Bican filed a motion to dismiss the petition. The court of appeals granted Chief Bican's motion and dismissed Russell's mandamus petition.

{¶ 5} The court of appeals did not err in dismissing the petition. As we recently held in a case involving a similar public-records claim by Russell, Russell's failure to first obtain a finding from his sentencing judge that the information sought in the requested records is necessary to support a justiciable claim precludes his entitlement to them under R.C. 149.43(B)(4):

{¶ 6} "The language of the statute is broad and encompassing. R.C. 149.43(B)(4) clearly sets forth heightened requirements for *inmates* seeking public records. The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources.

{¶ 7} " * * *

{¶ 8} "Because Russell failed to obtain a finding from the sentencing judge that 'the information sought in the public record is necessary to support what appears to be a justiciable claim,' he has failed to satisfy the statutory requirement for access to these records. R.C. 149.43(B)(4)." (Emphasis sic.) *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14–16.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals dismissing Russell's petition for a writ of mandamus. Our holding renders moot Chief Bican's motion to strike extraneous items from the appendix to Russell's merit brief.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Robert W. Russell, pro se.

Thomas P. O'Donnell, North Royalton Law Director, for appellee.

Frank C. Brown Jr., pro se, urging reversal as amicus curiae.