JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Leonard Hughes, is the defendant in State v.Hughes, Cuyahoga County Court of Common Pleas Case No. CR-346343, in which he was found guilty in 1997 of: murder with two firearm specifications; attempted murder with peace officer specifications and with two firearm specifications; and having a weapon while under a disability.
 {¶ 2} In Case No. 89537, Hughes complains that, during his criminal trial, his counsel "never received certain examination and test reports of evidentiary and/or scientific information findings in the discovery files * * *." Statement of Facts, Complaint, fourth unnumbered page. He requests that this court compel respondents — the prosecuting attorney and the clerk of courts — "to turn over the relevant produced material in the files that relator requested * * *." Relief, Complaint, seventh unnumbered page. Hughes also avers that "he is not pursuing any further proceedings that will result in a new criminal trial * * *." Statement of Facts, Complaint, fifth unnumbered page. Cf. State ex rel. Steckman v.Jackson (1994), 70 Ohio St. 3d 420, 639 N.E.2d 83, paragraph four of the syllabus.
 {¶ 3} In Case No. 89569, Hughes filed the same complaint with a different affidavit of indigency attached. He also filed a "petition for writ of mandamus, supplemental" in Case No. 89537, which the clerk's office treated as a new case, Case No. 89633. Ultimately, this court consolidated Case Nos. 89537, 89569 and 89633 as well as determined that it would treat the "petition for writ of mandamus, *Page 4 
supplemental" as a brief in opposition to respondents' motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment albeit principally on a different ground than those argued by respondents.
 {¶ 4} Under R.C. 149.43(B)(1), the duty of a public office to prepare and make available for inspection public records is "[s]ubject to division (B)(4) of this section," which provides:
 "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
(Emphasis added.) Hughes has not argued nor does the record in this action reflect that the judge now presiding over Case No. CR-346343 has made the adjudication required by R.C. 149.43(B)(4). Rather, attached to respondents' motion for summary judgment is a copy of Hughes' petition for mandamus which he filed in Case No. CR-346343 as well as a copy of the October 26, 2006 journal entry issued by the trial judge granting the state's motion for summary judgment and concluding that the petition "fails to demonstrate any right to the requested relief." *Page 5 
 {¶ 5} In State ex rel. Russell v. Bican, 112 Ohio St.3d 559,2007-Ohio-813, 862 N.E.2d 102, the Supreme Court affirmed the dismissal of "a public-records mandamus case because appellant, an inmate, failed to comply with R.C. 149.43(B)(4) by not obtaining a finding by his sentencing judge that the information sought was necessary to support a justiciable claim." Id. at ¶ 1. The Supreme Court quoted extensively from a prior decision rejecting a similar claim by the same relator:
 "The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources.
 ""* * *
 ""Because Russell failed to obtain a finding from the sentencing judge that `the information sought in the public record is necessary to support what appears to be a justiciable claim,' he has failed to satisfy the statutory requirement for access to these records. R.C. 149.43(B)(4)." (Emphasis sic.) State ex rel. Russell v. Thornton, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, P 14-16."
Id. at 1J6-8. In the absence of any demonstration that Hughes obtained the requisite finding from the sentencing judge, Russell and R.C. 149.43(B)(4) require that we deny Hughes' request for relief in mandamus.
 {¶ 6} We also note that the complaint is defective. Loc. App. R. 45(B)(1)(a) requires that all complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Hughes' failure to comply with this requirement provides a ground for dismissal of this action. See, e.g., Morrisv. Bureau of Sentence Computation, Cuyahoga App. No. 89517,2007-Ohio-1444. *Page 6 
 {¶ 7} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Writ denied.
 JAMES J. SWEENEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1