DECISION
{¶ 1} Quian R. Britford filed this action in mandamus seeking a writ to compel the Columbus Police Department/Columbus Division of Police to provide him with documents he views as being public records.
 {¶ 2} In accord with Loc.R. 12(M), this case was referred to a magistrate to conduct appropriate proceedings. On October 4, 2007, the magistrate filed a magistrate's decision which includes a recommendation that we dismiss the case. (Attached as *Page 2 
Appendix A.) On October 26, 2007, Quian Britford filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 3} Quian Britford is incarcerated as the result of his conviction for possession of cocaine. The date alleged for his possession of cocaine is October 2, 2002. The public records he is seeking pertain to October 2, 2002. Specifically, he asks for police incident reports, dispatch reports, traffic citations, police investigatory reports, impound records, Columbus police policy and procedure manuals, witness statements, conduct reports against the arresting officers, audio and visual recordings or other documents arising from the events that occurred on October 2, 2002.
 {¶ 4} Under these facts, R.C. 149.43(B)(4) applies. R.C. 149.43(B)(4) reads:
 A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 5} No common pleas judge has made a finding that the information sought in the public record is necessary to support what appears to be a justiciable claim of Quian Britford. *Page 3 
 {¶ 6} Quain Britford argues in his objection to the magistrate's decision that he should be excused from the requirement of R.C.149.43(B)(4) because he filed a motion requesting the required finding and the common pleas judge assigned to his case has not yet ruled on his motion.
 {¶ 7} We are not in a position to disregard the clear mandate of R.C.149.43(B)(4). Nor are we in a position to compel the trial judge to rule on Mr. Britford's motion in this mandamus action. As a result, we overrule the objection to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We, therefore, deny the requested relief in mandamus.
Objections overruled; writ of mandamus denied.
 KLATT and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 MAGISTRATE'S DECISION Rendered October 4, 2007 IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 8} In this original action, relator, Quian R. Britford, an inmate of the Lake Erie Correctional Institution ("LECI"), requests a writ of mandamus ordering respondent, the Columbus Police Department, to provide him with public records that he requested pursuant to the Public Records Act, R.C. 149.43.
Findings of Fact: {¶ 9} 1. On June 8, 2007, relator filed this original action against respondent. *Page 5 
 {¶ 10} 2. According to the complaint, in May 2003, relator was indicted by the Franklin County Grand Jury on one count of possession of cocaine, a violation of R.C. 2925.11 and a felony of the fourth degree. According to a copy of the indictment attached to the complaint, the crime was alleged to have occurred on October 2, 2002.
 {¶ 11} 3. Attached to the complaint as an exhibit is a letter to relator at his LECI address from Officer Dudley of the Columbus Division of Police. Dated April 29, 2006, Office Dudley's letter states that relator's letter has been forwarded to the Public Records Unit of the Columbus Division of Police for review. Citing R.C. 149.43(B)(4), Officer Dudley's letter informs relator:
 In accordance with this section and subject to appropriate redaction, The Columbus Division of Police will supply copies of records from this case only after receipt of written approval from the "imposing judge or the judges successor in office". * * * Your current request for public record[s] has been closed and cleared in our files. Please feel free to re-file your request after receiving a finding by the imposing judge.
 {¶ 12} 4. Relator's letter, referenced in Officer Dudley's April 29, 2006 letter, is not attached to the complaint as an exhibit.
 {¶ 13} 5. Attached to the complaint as an exhibit is a motion filed by relator in the Franklin County Court of Common Pleas on February 12, 2007 in case No. 03CR-06-4534. Relator's motion indicates that the criminal case is assigned to the Honorable Charles Schneider. In his motion, relator seeks to compel respondent to provide him with "police reports, witness statements, audio and visual survaliance [sic]."
 {¶ 14} 6. In the complaint itself, relator states that he is seeking: *Page 6 
 * * * Police incident reports, dispatch reports, traffic citations, police investagatory [sic] reports, impound records, Columbus police policy and procedure manual, witness statements, conduct reports against the arresting officers, audio and visual recordings or otherwise arising from the events that occurred on October 2nd, in the year of the [L]ord 2002.
 {¶ 15} 7. According to the complaint, the information being sought arises from relator's alleged unlawful arrest by the Columbus Police on October 2, 2002, which allegedly resulted in "several injuries to the relator." Relator alleges abuse of process and excessive use of force in connection with his arrest. He also alleges that he was denied medical care for his injuries sustained during his arrest.
 {¶ 16} 8. According to the complaint, following his receipt of Officer Dudley's letter, relator filed the motion in common pleas court on February 12, 2007.
 {¶ 17} 9. Attached to the complaint is relator's affidavit executed June 5, 2007. According to the affidavit:
 * * * The relator, filed a motion to compel, in good faith to the Honorable Judge Schnieder [sic] (Room 9B), on the 12th day of February, in the year of the Lord 2007. The motion has yet to be answered and/or records requested hereiin [sic] forwarded to th[e] relator.
 {¶ 18} 10. On June 6, 2007, respondent moved to dismiss this action.
 {¶ 19} 11. On July 17, 2007, relator filed a memorandum in opposition to respondent's motion to dismiss.
 {¶ 20} 12. On July 23, 2007, respondent filed a reply memorandum. *Page 7 
Conclusions of Law: {¶ 21} It is the magistrate's decision that this court grant respondent's motion to dismiss for relator's failure to state a claim upon which relief in mandamus can be granted.
 {¶ 22} R.C. 149.43(B)(4) states:
 A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 23} Under R.C. 149.43(B)(4), as a prerequisite to obtaining any public record concerning his criminal prosecution, relator must obtain from the judge who imposed the sentence a finding that the information that relator seeks is necessary to support what appears to be a justiciable claim. The complaint fails to allege that relator has obtained this finding from the judge who imposed the sentence. Because the complaint fails to allege that relator has obtained this finding, pursuant to R.C. 149.43(B)(4), the complaint fails to state a claim upon which relief in mandamus can be granted. State ex rel. Russell v.Thornton, 111 Ohio St.3d 409, 2006-Ohio-5858; State ex rel. Russell v.Bican, 112 Ohio St.3d 559, 2007-Ohio-813. *Page 8 
 {¶ 24} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss. *Page 1