JOURNAL ENTRY AND OPINION
{¶ 1} The relator, Cynthia Roberson, commenced this public records mandamus action pursuant to R.C. 149.43 against the respondents, Cuyahoga County Prosecutor William Mason and Clerk of Court Gerald D. Fuerst. She seeks the following records relating to the underlying case,State of Ohio v. Leonard Hughes, Cuyahoga County Common Pleas Court Case No. CR-346343, [1]: "Reports of Evidentiary and / or Scientific Information findings, specifically ballistic reports, and autopsy reports concerning any type of ballistics, *Page 3 
which are not exempt by statue. The requested reports were compiled during the period of 12/20/96 to about 2/4/97." She indicates that she seeks "offense and incident reports like those requested herein ***."[2] Roberson affirms in the petition that she is Hughes' designee in seeking these records. On July 31, 2008, the respondents moved for summary judgment on various grounds. Roberson never opposed this dispositive motion. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for a writ of mandamus.
 {¶ 2} First, as respondents argue, Roberson has not complied with Loc. App. R. 45(B)(1)(a) which requires that writ actions must be supported by an affidavit from the relator specifying the details of the claim. The failure to attach this required affidavit is grounds for dismissal. State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. Roberson's August 2, 2007 letter ends with declarations under penalty of perjury that she is an Ohio citizen, resident of Cleveland and is not incarcerated pursuant to a criminal conviction or juvenile adjudication. This letter then concludes with a notary's signature and seal *Page 4 
and attestation of "subscribed and attested to before ***." However, the letter does not detail the facts of the claim, is in the form of a letter, and appears to swear to only the matters of residence and incarceration. Accordingly, she has not complied with Loc. App. R. 45, and the application for mandamus is properly dismissed for that reason.
 {¶ 3} Moreover, res judicata bars this mandamus action. In the underlying case on October 4, 2006, Hughes filed a petition for a writ of mandamus seeking the production of examination and test reports. The State of Ohio promptly filed a motion for summary judgment, which the trial court granted on October 26, 2006, on the grounds that Hughes' petition failed to comply with R.C. 2969.25 and failed to demonstrate any right to the requested relief.
 {¶ 4} Furthermore, the trial court on June 21, 2007, issued the following journal entry: "The court is in receipt of correspondence from the defendant dated June 10, 2007, which the court considers a post-conviction, pro-se motion requesting that the court order the county prosecutor and/or the clerk of courts to produce `certain examination and test reports of evidentiary and/or scientific information findings in the discovery files.' Defendant makes this request for the second time, having first requested the same documents by writ of mandamus filed on October 4, 2006. *** Defendant's motion is denied on the authority of State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, which held that a defendant in a criminal case who has exhausted his direct appeals may not use *Page 5 
R.C.149.43 to support a petition for post-conviction relief. The information requested by defendant is not subject to release as a public record and is specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4)."
 {¶ 5} In March 2007, Hughes commenced State ex rel. Hughes v.Mason, Cuyahoga App. Nos. 89537, 89569 and 89633, 2007-Ohio-2236, a public record mandamus action in which he sought "certain examination and test reports of evidentiary and/or scientific information findings in the discovery files ***." 2007-Ohio-2236, ¶ 2.
 {¶ 6} This court denied the application for mandamus because Hughes had not complied with R.C. 149.43(B)(4) which requires an incarcerated person to obtain approval from the trial court in order to seek public records relating to his or her case. State ex rel. Russell v.Bican, 112 Ohio St.3d 559, 2007-Ohio-813, 862 N.E.2d 102.
 {¶ 7} On December 11, 2007, Roberson filed a petition for a writ of mandamus in the underlying case. On December 18, 2007, the trial court denied her petition as follows: "Relator, Cynthia Roberson's, petition for writ of mandamus is denied and respondents' motion for summary judgment is granted. Relator's petition is duplicative of defendant's previously filed mandamus complaint which the court has denied. Relator's petition presents no new issues of law or fact for the court and is therefore denied." *Page 6 
 {¶ 8} The principles of res judicata are well established: "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. In other words, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might havebeen litigated in a first lawsuit." Id. and Rogers v. Whitehall (1986),25 Ohio St.3d 67, 494 N.E.2d 1387 and Natl. Amusements, Inc. v.Springdale (1960), 53 Ohio St.3d 60, 558 N.E.2d 1178. Furthermore, res judicata provides a complete bar on such actions between the parties or those in privity with them. 73 Ohio St.3d at 381.
 {¶ 9} In the present case Hughes and his designee, Roberson, have made four previous attempts under the public records law to obtain the requested records. The courts denied each effort. Accordingly, res judicata properly bars this attempt.
 {¶ 10} Moreover, police reports of evidentiary and scientific findings, such as ballistic reports, are exempt from disclosure as trial preparation and confidential law enforcement records pursuant to R.C. 149.43(A)(1)(g) and (h) and (A)(2). State ex rel. Steckman v.Jackson (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. Roberson argues that those exemptions no longer apply, because Hughes has *Page 7 
exhausted all of his appeals and postconviction remedies. However, the court finds such assertions unpersuasive.
 {¶ 11} Accordingly, this court grants the respondents' motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] In August 1997, a jury convicted Hughes of the murder of Cleveland Police Officer Cudnik and the attempted murder of Cleveland Police Officer Costanzo on December 30, 1996.
[2] Roberson does not specifically or explicitly list what records she seeks in the body of her complaint; rather, the quoted requests are from an August 2, 2007 letter from Roberson to "Record Clerk" which she attached to her complaint. The court concludes that Roberson is not seeking routine offense reports relating to Hughes' case, but is attempting to characterize the scientific reports as routine offense reports and thus subject to disclosure. This attempt is unpersuasive. *Page 1