[Cite as *State v. Reid*, 2012-Ohio-1659.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee          :      C.A. CASE NO. 24672

vs.                                     :      T.C. CASE NO. 01CR1371

TYRONE REID                             :      (Criminal Appeal from
                                                Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, Oh 45422

    Attorney for Plaintiff-Appellee

Tyrone Reid, #438-902, P.O. Box 57, Marion, OH 43302
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant Tyrone Reid appeals from a final order that denied his motion filed pursuant to R.C. 149.43(B)(8) requesting the trial court to find that he is seeking information subject to release as a public record and that the information sought is necessary to support what appears to be a justiciable claim.

{¶ 2} In December 2002, a jury found Defendant guilty of the murder of Cedron Brown. In January 2003, the trial court sentenced Defendant to eighteen years to life imprisonment. We affirmed Defendant's conviction and sentence on direct appeal. *State v. Reid*, 2d Dist. Montgomery No. 19729, 2003-Ohio-6079. Since then, Defendant has filed numerous unsuccessful motions, post-conviction actions and appeals, all in an effort to undo his conviction.

{¶ 3} Defendant, an inmate at Marion Correctional Institute, seeks information concerning the investigation and prosecution of his criminal case that he believes may be contained in the records and files of police agencies, the prosecutor's office, or the court. On February 16, 2011, Defendant filed a motion asking the trial court to find, pursuant to R.C. 149.43(B)(8), that certain records, including all 911 calls made to Dayton police concerning his offense and records concerning a particular vehicle contained in Dayton police impound logs, are public records and are necessary to support what appears to be a justiciable claim by Defendant. The State filed a memorandum contra Defendant's motion. The trial court denied Defendant's motion on May 4, 2011, finding that Defendant does not have a justiciable claim because any claim he might present would be barred by res judicata, and in any event Defendant has not demonstrated how the records sought, even if they exist, would aid his defense and are therefore necessary to support a justiciable claim.

{¶ 4} Defendant appealed to this court from the trial court's decision denying his motion.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST FOR JUSTICIABLE FINDING AFTER THE PLAINTIFF ADMITTED THAT ITS OFFICE WAS IN POSSESSION OF 911 TAPE RECORDINGS CONCERNING THIS CASE THAT IT NEVER TURNED OVER TO THE APPELLANT."

THIRD ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST FOR JUSTICIABLE FINDING CONCERNING THE VEHICLE DRIVEN BY WILLIAM THOMAS (VICTIM) AND THE APPELLANT WHICH THE PLAINTIFF FOR TEN YEARS, INCLUDING AT TRIAL CLAIMED NEVER EXISTED, ALTHOUGH THE POLICE REPORT SHOWS THE VEHICLE DID EXIST AND THAT IT WAS IMPOUNDED BY THE DAYTON POLICE DEPARTMENT."

{¶ 7} Defendant argues that the trial court abused its discretion in not finding that the records he seeks are necessary to support a justiciable claim. Defendant additionally argues that the State has admitted suppressing the recording of a 911 call made by Nettie Spidell.

{¶ 8} A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction to inspect or copy any public record

concerning a criminal investigation or prosecution unless the request to inspect or copy the record is for the purpose of acquiring information that is subject to release as a public record and the judge who imposed the sentence finds that the information sought in the public record is necessary to support what appears to be a justiciable claim. R.C. 149.43(B)(8); *State ex rel. Russell v. Bican*, 112 Ohio St.3d 559, 2007-Ohio-813, 862 N.E.2d 102.

{¶ 9} In denying Defendant's motion for a finding that the public records Defendant seeks are necessary to support what appears to be a justiciable claim by Defendant, the trial court concluded that Defendant does not have a justiciable claim. We agree. Since his conviction, Defendant has filed numerous motions, post-conviction actions and appeals. Defendant has exhausted his available remedies and his conviction has become final. As a result, any claim for relief Defendant might present is barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E. 2d 104 (1967). Claims barred by res judicata are not justiciable.

{¶ 10} While res judicata would not bar a post-appeal motion for a new trial based upon newly discovered evidence, *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, the information Defendant seeks regarding recorded 911 calls to police and the vehicle police impounded is not newly discovered, because it was either provided to defense counsel at trial or referenced

in police reports provided to defense counsel at trial. See: Trial Court's Decision of August 6, 2007, overruling Defendant's motion for expert assistance; Trial Court's Decision of May 4, 2011, overruling Defendant's motion for a finding of a justiciable claim to support disclosure of public records.

{¶ 11} With respect to the 911 calls police received after the shooting that led to the deaths of Cedron Brown and William Thomas, Defendant claims that the police report he attached to his motion demonstrates that the State destroyed or suppressed a recorded 911 call made by Nettie Spidell. The trial court found that no such thing is demonstrated because the record demonstrates that, prior to trial, Defendant was provided with all tape recorded 911 calls Dayton police had. See: Trial Court's August 6, 2007 Decision overruling Defendant's motion for expert assistance. Furthermore, the failure to preserve all of the 911 calls is hardly sinister, because typically tapes of 911 calls are recycled pursuant to Dayton Police Department policy after sixty days. *Id*. More importantly, there is no evidence that whatever Ms. Spidell may have said when she called 911 would have exonerated Defendant or aided his defense. Therefore, Defendant has not shown that the recordings of the 911 calls he seeks, if they exist, are necessary to support a justiciable claim. Defendant has failed to satisfy his statutory duty under R.C. 149.43(B)(8). *Bican*.

{¶ 12} With respect to Defendant's request that the trial court

find that the records concerning a particular motor vehicle, which Defendant believes are located in Dayton police impound logs, are necessary to support a justiciable claim, Defendant has likewise failed to show how these records, if they exist, would aid his defense and support a justiciable claim.

{¶ 13} Because Defendant has not demonstrated that he has a justiciable claim or that the public records he seeks are necessary to support that claim, the trial court did not abuse its discretion when it overruled Defendant's motion seeking a justiciable claim finding pursuant to R.C. 149.43(B)(8).

{¶ 14} Defendant's first and third assignments of error are overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S REQUEST FOR JUSTICIABLE FINDING AFTER IT ENGAGED IN EX PARTE COMMUNICATIONS AND ALLOWED THE PLAINTIFF TO DRAFT THE TRIAL COURT'S OPINION."

{¶ 16} Defendant argues that the assistant prosecutor who wrote the State's memorandum contra Defendant's motion requesting a finding of a justiciable claim, also authored the trial court's May 4, 2011 decision denying Defendant's motion. No such thing has been demonstrated on this record. The mere fact that the trial court found the State's memorandum persuasive and incorporated parts of it into the court's decision does not demonstrate that

the court engaged in ex parte communications with the prosecutor about the court's decision or allowed the prosecutor to write the decision for the court. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E. 2d 1168, is not applicable here. A court is not prohibited from adopting arguments and language contained in a memorandum filed by one of the parties.

{¶ 17} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And FROELICH, J., concur.

**Copies mailed to:**

**Carley J. Ingram, Esq.**
**Tyrone Reid**
**Hon. Timothy N. O'Connell**