[Cite as *State v. Reid*, 2012-Ohio-5316.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                    :            C.A. CASE NO.    24987

v.                                               :            T.C. NO.    01CR1371

TYRONE E. REID                                   :            (Criminal appeal from
                                                              Common Pleas Court)

      Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____16th____ day of ____November____, 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TYRONE E. REID, #438902, North Central Correctional Institute, 670 Marion
Williamsport Rd., P. O. Box 1812, Marion, Ohio 43301
      Defendant-Appellant

. . . . . . . . . .

VUKOVICH, J. (by assignment)

{¶ 1}  Defendant-appellant Tyrone Reid appeals the decision of the Montgomery

County Common Pleas Court denying his Motion for Leave to file a Delayed Motion for a

New Trial, Motion to Dismiss the Indictment Based upon Destruction of Material Exculpatory Evidence and Motion for a New Trial Based upon Void Judgment Resentencing.

{¶ 2}   The first two motions are based on the alleged recent discovery that recordings of 911 calls that came in on the night of the crime were destroyed prior to trial. The issue before this court regarding the trial court's denial of these two motions is whether the evidence is newly discovered and warrants a new trial.

{¶ 3}   The third motion concerns the trial court's prior incorrect postrelease control advisement.  Reid asserts that since the postrelease control sentence was incorrect, the entire conviction was affected and a new trial should have been ordered.  The issue before us regarding this motion is whether the prior incorrect postrelease control sentence somehow affected the conviction and, thus, warrants a new trial.

{¶ 4}   Reid's arguments are not meritorious.  Regarding the recordings of the 911 calls, this issue has previously been before this court at least once and it was explained that, prior to trial, Reid was fully aware that the recordings of the 911 calls were destroyed. Thus, this is not newly discovered evidence.  Next, there is no basis in law for the position that an incorrect postrelease control sentence warrants a new trial.  In fact, the Ohio Supreme Court has specifically indicated that an incorrect postrelease control sentence only voids the postrelease control sentence; it does not void any other part of the sentence or conviction.  *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Therefore, the trial court's order overruling the three motions is hereby affirmed.

STATEMENT OF THE CASE

{¶ 5} In 2002, a jury found Reid guilty of the 2001 murder of Cedron Brown, the accompanying gun specification, and for having a weapon under disability. He was acquitted of the felony murder of William Thomas and aggravated robbery. *See State v. Reid*, 2d Dist. Montgomery No. 19729, 2003-Ohio-6079, ¶ 1; *State v. Reid*, 2d Dist. Montgomery Nos. 21499, 21573, 2007-Ohio-2427, ¶ 13; *State v. Reid*, 2d Dist. Montgomery No. 24672, 2012-Ohio-1659, ¶ 2.

{¶ 6} The jury heard testimony that on March 25, 2001, Billy Thomas, Cedron Brown, Jabree Yates, and Reid were at a residence located at 523 Delaware Avenue in the City of Dayton. Brown and Yates were in the drug trade and sold drugs from this residence. Yates testified that he fell asleep and woke to the sound of a gun shot. According to him, Brown had been shot and Reid was holding the gun. Reid and Thomas then "rushed" Yates ordering him to give them his money, which he did. Reid gave Thomas the gun and then left the residence. Yates and Thomas then fought over the gun, which resulted in Yates disarming Thomas. Yates testified that at that point Reid was attempting to re-enter the residence through a window and that Reid was armed with a shotgun. Yates shot at Reid and Reid disappeared through the window. Thomas then tried to exit the residence through a window, and Yates shot at him. Both Thomas and Brown died from gun shot wounds. *See generally State v. Reid*, 2d Dist. Montgomery No. 19729, 2003-Ohio-6079, ¶ 2-14.

{¶ 7} Reid received an aggregate sentence of 18 years to life for his convictions. He appealed his conviction and sentence, which was affirmed by this court. *Reid*, 2d Dist. Montgomery No. 19729, 2003-Ohio-6079.

{¶ 8} Since that appeal, Reid has filed numerous unsuccessful motions, post-conviction actions and appeals in an effort to undo his conviction. His latest effort

includes three motions: a May 2011 Motion for Leave to file a Delayed Motion for a New Trial, a June 2011 Motion for a New Trial Based upon Void Judgment Resentencing and a November 2011 Motion to Dismiss the indictment based upon Destruction of Material Exculpatory Evidence. As aforementioned, the trial court denied these motions in a single judgment entry. It is from that ruling that Reid appeals raising six assignments of error.

<u>FIRST, SECOND, THIRD, AND SIXTH ASSIGNMENTS OF ERROR</u>

The trial court erred by failing to apply the due process standard to its analysis of appellant's Crim.R. 33(A)(2) and (6) claim, and by denying his Crim.R. 33 (A)(2) and (6) claim when the state failed to produce exculpatory evidence and relied on false testimony and fraud to secure the appellant's conviction in violation of his due process rights.

The trial court erred to the prejudice of the appellant when it failed to find that appellant was unavoidably prevented from discovering that the State of Ohio would concede to once being in possession of multiple 911 tape recordings that were not provided to the appellant after more than ten years of denying the existence of these tapes.

The State of Ohio suppressed materially exculpatory evidence in the form of 911 tape recordings, prior to the appellant's mandatory bindover hearing, and the trial court erred to the prejudice of the appellant for not ordering a new trial due to this suppression in violation of the appellant's due process right to a fair trial.

The appellant demonstrated in his request for leave, how he met all of

the requirements under *State v. Petro*, and it was an abuse of discretion for the trial court to deny the appellant's request since the state did not disagree with the appellant's conclusions.

{¶ 9}     The common thread in these four assignments of error is that they deal with the denial of the request to file a delayed motion for new trial that was based on the destruction of the recordings of the 911 calls that were made the night of the crimes.  The record reveals that, on the night of the crimes, witnesses called 911.  Reid alleges that he made one of these calls and that he told the 911 operator that Yates was shooting at him and his friend, Thomas.  Reid claims that these tapes were destroyed, he was not informed of their existence, and the jury never got to hear the recordings of the 911 calls, which could possibly, in his opinion, cast doubt on whether he killed Brown.

{¶ 10}     The motion for new trial in this instance was based on the purported misconduct of the state and newly discovered evidence, Crim.R.  33(A)(2) and (6), respectively.  Crim.R. 33(B) sets forth the following time lines for filing a motion for new trial:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented

from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B).

{¶ 11}　Clearly, the new trial motion filed approximately nine years after the jury's verdict does not meet the time requirements in Crim.R. 33(B).　Therefore, Reid was required to show by clear and convincing evidence that either he was unavoidably prevented from filing his motion for a new trial based on prosecutorial misconduct within 14 days of the jury verdict or that he was unavoidably prevented from discovering the new evidence within 120 days of the verdict.

{¶ 12}　Reid cannot meet either standard because the destruction of the recordings of the 911 calls was disclosed prior to the 2002 trial and he was not unavoidably prevented from discovering the tapes or the destruction of the tapes.　In 2006, Reid filed a delayed petition for post-conviction relief.　*Reid*, 2d Dist. Montgomery Nos. 21499, 21573, 2007-Ohio-2427.　The petition claimed that Reid was unavoidably prevented from discovering prosecutorial misconduct that occurred when the recording of his 911 call that

he made from Geraldine Jones' residence after the shooting was destroyed. The trial court found no merit with that position and denied the petition. We affirmed that decision and explained that if the recording existed, Reid had the ability to discover the recording and the prosecutorial misconduct at the time of trial. *Id.* at ¶ 26. Reid claims he spoke to the 911 operator. Thus, he would know of the existence of his own phone call and it was within his ability to discover what happened to that recording.

{¶ 13} Moreover, in addition to the petition for post-conviction relief, in February 2011, Reid requested the release of public records from the Dayton police. This included all 911 calls made that concerned his offense. *Reid*, 2d Dist. Montgomery No. 24672, 2012-Ohio-1659. The trial court denied that request and Reid appealed to this court. In affirming the trial court's decision, we stated:

> While res judicata would not bar a post-appeal motion for a new trial based upon newly discovered evidence, *State v. Davis,* 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, the information Defendant seeks regarding recorded 911 calls to police and the vehicle police impounded is not newly discovered, because it was either provided to defense counsel at trial or referenced in police reports provided to defense counsel at trial. See: Trial Court's Decision of August 6, 2007, overruling Defendant's motion for expert assistance; Trial Court's Decision of May 4, 2011, overruling Defendant's motion for a finding of a justiciable claim to support disclosure of public records.
>
> With respect to the 911 calls police received after the shooting that led

to the deaths of Cedron Brown and William Thomas, Defendant claims that the police report he attached to his motion demonstrates that the State destroyed or suppressed a recorded 911 call made by Nettie Spidell. The trial court found that no such thing is demonstrated because the record demonstrates that, prior to trial, Defendant was provided with all tape recorded 911 calls Dayton police had. See: Trial Court's August 6, 2007 Decision overruling Defendant's motion for expert assistance. Furthermore, the failure to preserve all of the 911 calls is hardly sinister, because typically tapes of 911 calls are recycled pursuant to Dayton Police Department policy after sixty days. *Id.* More importantly, there is no evidence that whatever Ms. Spidell may have said when she called 911 would have exonerated Defendant or aided his defense. Therefore, Defendant has not shown that the recordings of the 911 calls he seeks, if they exist, are necessary to support a justiciable claim. Defendant has failed to satisfy his statutory duty under R.C. 149.43(B)(8). [*State ex rel. Russell v.*] *Bican*[, 112 Ohio St.3d 559, 2007-Ohio-813, 862 N.E.2d 102].

*Id.* at ¶ 10-11.

{¶ 14} Thus, our prior decisions indicate that he was not unavoidably prevented from discovering this information and in fact had this information prior to trial. Consequently, he cannot meet the requirements for filing an untimely motion for a new trial.

{¶ 15} These assignments of error lack merit.

FOURTH AND FIFTH ASSIGNMENTS OF ERROR

The trial court abused its discretion when it determined that the appellant's void attempted sentence did not violate his substantial rights pursuant to Crim.R. 33(A)(1) & (5).

The trial court abused its discretion when it determined that the appellant's void attempted sentence was corrected, and as such was now valid, and it need not determine whether the appellant was falsely imprisoned.

{¶ 16} Both of these assignments of error address the effect of the trial court's correction of the postrelease control sentence. They also, like the above assignments of error, discuss the destruction of the 911 recordings.

{¶ 17} As aforementioned, Reid was originally sentenced in 2002. In late 2011, Reid reappeared before the trial court for resentencing to correct an error that occurred in the original imposition of postrelease control that was connected to the six-month sentence for having a weapon under disability. The trial court corrected the sentence and stated that Reid may receive a three-year postrelease control sentence after his release from prison if the parole board determines that it is necessary.

{¶ 18} Reid appealed from the judgment entry resentencing him. *State v. Reid*, 2d Dist. Montgomery No. 24841, 2012-Ohio-2666. In that appeal, Reid argued that his entire sentence was void. We explained that Reid's position was incorrect and that the Ohio Supreme Court has already stated "that only the defective part of the initial sentence pertaining to postrelease control is void; the remainder of the initial sentence is effective." *Id.* at ¶ 12, citing *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶ 19} Now, Reid is arguing that the void portion of the sentence somehow

warrants a new trial under Crim.R. 33(A)(1) and (5). Section one provides that a new trial may be granted when there is an irregularity in any order or ruling of the court which prevented a fair trial. Section two provides that a new trial may be granted for an error of law at trial that materially affected the defendant's substantial rights.

{¶ 20} The void portion of the sentence does not affect a substantial right that warrants a new trial. The Ohio Supreme Court has clearly stated that the remedy for an erroneous postrelease control sentence is a new sentencing hearing that is limited to the proper imposition of postrelease control. *Fischer*, at paragraph two of the syllabus. Moreover, the Court has specifically stated that "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶ 40. Consequently, as we have explained in the previous *Reid* decisions and the above, the knowledge of the destruction of the 911 recordings was known prior to trial, thus, any issue regarding that could have been raised in the direct appeal. Or, in other words, Reid is not entitled to a new trial because he was not unavoidably prevented from discovering the recordings and their destruction; he had knowledge of their existence and destruction prior to trial. Thus, the issue could have been raised prior to trial, during trial in an effort to cast reasonable doubt of his guilt, and in the direct appeal. It is not grounds for a new trial.

{¶ 21} These assignments of error lack merit.

{¶ 22} In conclusion, all assignments of error lack merit. The trial court's decision to deny the motions is hereby affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Carley J. Ingram
Tyrone E. Reid
Hon. Timothy N. O'Connell