THE STATE EX REL. SAWYER, APPELLANT, *v.* CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, APPELLEE.

[Cite as *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.,* 110 Ohio St.3d 343, 2006-Ohio-4574.]

(No. 2006–0481—Submitted August 8, 2006—Decided September 20, 2006.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying an inmate's request for access to certain county agency records to support his postconviction proceeding.

{¶ 2} The Cuyahoga County Court of Common Pleas, following a jury trial, convicted appellant, Eugene Sawyer, of one count of corrupting another with drugs, a felony of the second degree, and one felony count of child endangering, in connection with Sawyer's provision of crack cocaine to his 14-year-old daughter. The common pleas court sentenced Sawyer to a prison term of seven years on the conviction of corrupting another with drugs and to a concurrent prison term of four years on the felony conviction for child endangering. On appeal, the court of appeals affirmed Sawyer's conviction and sentence for corrupting another with drugs but reversed the felony child-endangering conviction. The court of appeals remanded with instructions for the common pleas court to revise that conviction to misdemeanor child endangering and to resentence Sawyer on that charge. *State v. Sawyer,* Cuyahoga App. No. 81133, 2003-Ohio-1720, 2003 WL 1772646.

{¶ 3} On November 15, 2002, Sawyer filed a petition for postconviction relief and a Crim.R. 33(B) "motion for [a] court order finding that he was unavoidably prevented from discovery [of] evidence." Sawyer claimed that the new evidence

was his daughter's recantation of her testimony against him. The common pleas court dismissed the petition, and in March 2004, the court also denied Sawyer's Crim.R. 33(B) motion. On appeal, the court of appeals affirmed the denial of Sawyer's Crim.R. 33(B) motion. *State v. Sawyer,* Cuyahoga App. No. 84487, 2004-Ohio-6911, 2004 WL 2931003. We did not accept Sawyer's discretionary appeal. 105 Ohio St.3d 1472, 2005-Ohio-1186, 824 N.E.2d 542.

{¶ 4} On January 11, 2005, Sawyer filed another Crim.R. 33(B) "motion for court order finding that he was unavoidably prevented from discovery of evidence." Sawyer attached his daughter's affidavit previously filed with his first motion as well as his daughter's probation records indicating that certain of her urine-test results during the pertinent period were negative. Sawyer also alleged in his motion that he had attempted to obtain the results of his own urine tests from appellee, Cuyahoga County Department of Children and Family Services ("CCDCFS"), but that he had received no response. The common pleas court denied the motion, and the court of appeals affirmed. *State v. Sawyer,* Cuyahoga App. No. 85911, 2005-Ohio-6486, 2005 WL 3315021. We did not accept Sawyer's discretionary appeal. 109 Ohio St.3d 1407, 2006-Ohio-1703, 845 N.E.2d 523.

{¶ 5} On May 24, 2005, Sawyer filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel CCDCFS to provide access to the urine-test results that the agency had requested that he submit in 2001. Sawyer sought the records pursuant to R.C. 149.43, the Public Records Act. He claimed that he needed the test results to support his then pending discretionary appeal from the court of appeals' affirmance of the trial court's denial of his second postconviction motion for a court order finding that he was unavoidably prevented from discovering evidence. CCDCFS filed a motion for summary judgment.

{¶ 6} On September 9, 2005, Sawyer filed a motion for an enlargement of time pursuant to Civ.R. 56(F) and Civ.R. 6(B) to respond to the summary-judgment motion "to permit discovery to be had between the parties" and requesting that "such enlargement of time begin only after discovery * * * is completed." On September 29, 2005, the court of appeals granted Sawyer an extension until October 11, 2005, to respond to CCDCFS's motion. Sawyer did not file a timely response to that motion.

{¶ 7} On January 25, 2006, the court of appeals granted CCDCFS's motion and denied the writ.

{¶ 8} In his appeal as of right, Sawyer asserts that the court of appeals abused its discretion when it did not fully grant his motion for an extension of time to respond to CCDCFS's summary-judgment motion so that he could have sufficient discovery.

{¶ 9} " 'The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion.' " *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, ¶ 18, quoting *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 31. See, also, *Davis v. Immediate Med. Servs., Inc.* (1997), 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (applying same standard for reviewing trial court ruling on motion for extension of time under Civ.R. 6). " 'An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude.' " *State ex rel. Stewart v. State Emp. Relations Bd.*, 108 Ohio St.3d 203, 2006-Ohio-661, 842 N.E.2d 505, ¶ 10, quoting *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 10} The court of appeals did not act in an unreasonable, arbitrary, or unconscionable manner in not fully granting Sawyer's motion for extension of time. CCDCFS's motion for summary judgment raised purely legal arguments, and no affidavits were filed supporting the motion. Additional discovery was unnecessary to resolve those legal issues. We reached a similar conclusion in *Denton*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, in which we emphasized, in upholding the denial of a Civ.R. 56(F) motion for continuance to conduct further discovery to respond to a motion for summary judgment, that "additional discovery was unnecessary to resolve the pertinent issues raised in appellees' motions for summary judgment." *Denton* at ¶ 32. The court of appeals did not abuse its discretion in denying in part Sawyer's motion.

{¶ 11} Moreover, as the court of appeals correctly held, "[a] defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief." *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph six of the syllabus; *State ex rel. Sevayega v. Reis* (2000), 88 Ohio St.3d 458, 459, 727 N.E.2d 910. Similarly, Sawyer could not use R.C. 149.43 to support his postconviction motion under Crim.R. 33(B).

{¶ 12} Based on the foregoing, we affirm the judgment of the court of appeals denying the requested writ of mandamus.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Eugene Sawyer, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.