[Cite as *Granata v. Stamatakos*, 2013-Ohio-5548.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Angela R. Granata, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-424 |
| | | (C.P.C. No. 10CV-5544) |
| John C. Stamatakos et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 17, 2013

*Angela R. Granata*, pro se.

*John C. Stamatakos; Dinsmore & Shohl LLP, Karen S. Hockstad* and *Gregory P. Mathews*, for appellee JT/SG Enterprises, Inc., for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Angela R. Granata ("appellant"), is appealing from the summary judgment entered against her claims in a lawsuit she filed against defendants–appellees, John C. Stamatakos ("Stamatakos") and JT/SG Enterprise, Inc. ("JT/SG"). For the following reasons, we affirm the summary judgment decision of the Franklin County Court of Common Pleas.

{¶ 2} Appellant presents fourteen assignments of error for our consideration:

1. THE TRIAL COURT ERRED BY ALLOWING DEFENDANT-APPELLEE TO APPEAR (NOTICE OF APPEARANCE) EIGHT (8) MONTHS AFTER, NOT RESPONDING TO COMPLAINT, OF WHICH SERVICE WAS SERVED ON DEFENDANTS-APPELLEE NOT ONCE, BUT TWICE BY PLAINTIFF-APPELLANT, AND THEN GRANTING DEFENDANT-APPELLEES MOTION FOR RELIEF FROM JUDGMENT 15 MONTHS AFTER PLAINTIFF-APPELLANT WAS FILED.

2. THE TRIAL COURT ERROR IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT AND NOT RULING IN A TIMELY AND DUE PROCESS MANNER ON MOTIONS SUBMITTED TO THE COURT BY THE PLAINTIFF-APPELLANT; YET, THE TRIAL COURT QUICKLY ACTED ON MOTIONS SUBMITTED BY THE DEFENDANT-APPELLEE IN A TIMELY MANNER, AND NOT RESPONDING TO PLAINTIFF-APPELLANT MOTIONS, ESPECIALLY MOTION TO COMPEL DISCOVERY IN A TIMELY MANNER.

3. THE TRIAL COURT ERRED BY DENYING PLAINTIFF-APPELLANT MOTION TO COMPEL DISCOVERY, AND ALLOWING DEFENDANT-APPELLEES TO NOT COMPLY WITH DISCOVERY EVIDENCE, AND THUS, PLAINTIFF-APPELLANT WAS NOT ABLE TO PURSUE ANY AND ALL EVIDENCE(S).

4. THE TRIAL COURT ERRED IN BEING UNREASONABLE IN ARRIVING AT ITS DECISION IN GRANTING DEFENDANT-APPELLEES SUMMARY JUDGMENT.

5. THE TRIAL COURT ERRED BY DENYING PLAINTIFF MOTION TO COMPEL DISCOVERY, AND ALLOWING DEFENDANT TO INTRODUCE OR PURSUADE [sic] THE COURT TO IGNORE THE FRAUDULENT SIGNATURE PLAINTIFF RAISED QUESTIONS ABOUT.

6. THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT BASED ON DEFENDANTS DEFENSE BASED ON RES JUDICATA.

7. THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT WITHOUT ALLOWING PLAINTIFF-APPELLANT OPPORTUNITY TO DUE PROCESS AND DISCOVERY AND EQUAL PROTECTION.

8. TRIAL COURT ERRED NOT ALLOWING PLAINTIFF-APPELLANT MOTION TO COMPEL DISCOVERY ON DEFENDANTS-APPELLEES AND FOR DEPOSITIONS. DEFENDANTS-APPELLEES BASED SEVERAL MEMOS AND MOTIONS ON PLAINTIFF-APPELLANT DID NOT FILE A 60(B).

9. TRIAL COURT ERRED IN ALLOWING FRAUD TO BE PERPERTRATED [sic] ON THE PLAINTIFF-APPELLANT

GRANATA AND TO THE FRANKLIN COUNTY COMMON PLEAS COURT AS WELL AS THE FEDERAL COURT BY NOT ALLOWING PLAINTIFF-APPELLANT TO HAVE THE OPPORTUNITY TO HAVE DEFENDANTS-APPELLEES COMPEL DISCOVERY.

10. TRIAL COURT ERRED WHEN IT DID NOT VACATE ITS APRIL 24, 2013 JUDGMENT BY ALLOWING ALL PENDING MOTIONS BY DEFENDANT-APPELLEES AND DENYING PLAINTIFF-APPELLANT THEIR MOTIONS, IN THE FINAL APPEALABLE ORDER THAT "ALL OTHER MOTIONS CURRENTLY PENDING ARE MOOT."

11. THE TRIAL COURT ERRED WHEN IT DID NOT VACATE ITS JUDGMENT FOR DEFENDANTS-APPELLEES ON APRIL 24, 2013 BY CITING "AS A PROCEDURAL DEVICE TO TERMINATE LITIGATION AND AVOID A FORMAL TRIAL, SUMMARY JUDGMENT MUST BE AWARDED WITH CAUTION."

12. THE TRIAL COURT ERRED IN ALLOWING SUMMARY JUDGMENT ON APRIL 24, 2013, AND DENYING PLAINTIFF-APPELLANT THE ABILITY TO COMPEL DEFENDANTS-APPELLEES DISCOVERY.

13. THE TRIAL COURT ERRED IN AWARDING DEFENDANTS SUMMARY JUDGMENT ON APRIL 24, 2013 BASED UPON:
1. DENYING PLAINTIFF-APPELLANT OPPORTUNITY TO PRESENT DISCOVERY AND EVIDENCE.
2. DEFENDANTS-APPELLEES FAILED TO NOTIFY THE COURT(S) OF THEIR FRAUDULENT ACTIVITIES AND DOCUMENTS.

14. THE TRIAL COURT ERRED IN AWARDING DEFENDANTS SUMMARY JUDGMENT ON APRIL 24, 2013 BASED UPON LACK OF PROPER NOTICE.

{¶ 3} The sheer number of errors alleged by appellant does not mean any of them have merit. The litigation history from the bankruptcy court demonstrates that none did.

{¶ 4} The trial court briefly described the history of the parties relevant to this case. In 2002, JT/SG filed an action against Columbus Microfilm, Inc., to recover monies owed for staffing services provided. A consent judgment entry was entered against Columbus Microfilm and in favor of JT/SG.

{¶ 5} In 2004, a forbearance agreement and release was allegedly entered into between JT/SG, Columbus Microfilm, and appellant, in which appellant individually signed as personal guarantor of the debt owed by Columbus Microfilm, an entity in which appellant asserts she has or had interest. Columbus Microfilm went through a completed bankruptcy proceeding. The bankruptcy court had a petition filed on behalf of Columbus Microfilm before it in 2004 and addressed issues related to the corporate bankruptcy thereafter including a Chapter 7 liquidation of assets.

{¶ 6} Later in 2004, a cognovit note was allegedly entered into by appellant in her individual capacity. In March 2004, JT/SG filed a complaint against appellant seeking to enforce the cognovit note. JT/SG ultimately obtained a judgment against appellant, and subsequently filed a Satisfaction of Judgment in July 2004.

{¶ 7} At one point in time, attorney Stamatakos represented appellant. Subsequent to that representation, appellant pursued a Chapter 13 bankruptcy. Appellant made no effort to exempt any claims she had against Stamatakos or JT/SG from the bankruptcy proceedings.

{¶ 8} Appellant seeks to justify Columbus Microfilms' original nonpayment to JT/SG and seeks to obtain relief from a note in which there has been a Satisfaction of Judgment filed.

{¶ 9} In this case, appellant brought claims against JT/SG asserting that Columbus Microfilm should not have owed any amount to JT/SG because JT/SG ultimately had breached its contract with Columbus Microfilm. Appellant also brought claims against Stamatakos, alleging that he failed to provide her with appropriate advice when entering into the consent judgment, forbearance agreement, and the cognovit note. Appellant claims that she did not sign the forbearance agreement, or the cognovit note, and that Stamatakos committed a fraud by forging her signature.

{¶ 10} The trial court granted summary judgment to both Stamatakos and JT/SG on April 24, 2013. Appellant timely filed a notice of appeal on May 20, 2013.

{¶ 11} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

> law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

{¶ 12} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 13} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to

support it, even if the trial court failed to consider those grounds.  *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 14} Appellees argue that summary judgment is appropriate as appellant's claims were barred by res judicata.  The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).  Under the doctrine of res judicata, a valid final judgment rendered upon the merits bars all subsequent actions "based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Id.* at 382.  A transaction is defined as a "common nucleus of operative facts".  *Id.*, quoting 1 Restatement of the Law 2d, Judgments, Section 24, Comment b (1982).  This remains true if the plaintiff changes the relief sought in a second action, presents a different theory of the case, or emphasizes different elements of the facts.  *Grava* at 383.

{¶ 15} Appellant claims that JT/SG breached its contract with Columbus Microfilm.  Appellant brings this action as a shareholder of Columbus Microfilm.  However, only a corporation and not its shareholders can complain of an injury sustained by, or wrong done to, the corporation.  *Adair v. Wozniak*, 23 Ohio St.3d 174, 176 (1986).  The trustee in the Columbus Microfilm bankruptcy would apparently be the real party in interest for claims that JT/SG breached its contract alleged in the lawsuit underlying this appeal, not appellant.  "A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation."  *Id.* at 178.  Generally, the existence of a single shareholder is insufficient to pierce the corporate veil and treat the shareholder and the corporation as a single entity.  *Starner v. Guardian Industries*, 143 Ohio App.3d 461 (10th Dist.2001).  Thus, appellant lacked standing to bring a claim on behalf of Columbus Microfilm.

{¶ 16} Appellant also claims that Stamatakos either alone or in concert with JT/SG forged her signature on the promissory note.  Fraud is a valid reason for which a court may relieve a party from a final judgment, order or proceeding.  Civ.R. 60(B)(3).  Such a motion for relief shall be made in a reasonable time and not more than one year.  Civ.R.

60(B). Appellant did not file a Civ.R. 60(B)(3) motion for relief and is not in a position to pursue claims which should have been handled in bankruptcy court or in conjunction with the bankruptcy proceedings. The doctrine of res judicata applies to all defenses which should have been raised in the earlier action. *Herbert v. Huntington Natl. Bank*, 9th Dist. No. 25604, 2011-Ohio-3663, ¶ 17.

{¶ 17} A negligence claim was brought against Stamatakos claiming that he failed to provide her with appropriate advice when entering into the consent judgment, forbearance agreement, and the cognovit note. This negligence is directly related to the alleged fraud perpetrated in creating the promissory note and therefore should have been raised in a Civ.R. 60(B)(3) motion. These claims are also barred by res judicata.

{¶ 18} Summary judgment was appropriate in this case. There is no genuine issue of material fact and appellees were entitled to judgment as a matter of law.

{¶ 19} The second, fourth, fifth, sixth, ninth, eleventh, twelfth, and thirteenth assignments of error are overruled.

{¶ 20} Appellant presents several assignments of error that deal with the trial court's discretion on discovery motions. Appellate courts generally apply the abuse of discretion standard when reviewing discovery rulings. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶ 9.

{¶ 21} The trial court denied appellant's Civ.R. 56(F) motion for additional time to respond to JT/SG's motion for summary judgment. This is not an abuse of discretion as appellant failed to file an affidavit in support of her Civ.R. 56(F) motion requesting additional time to perform discovery.

{¶ 22} Civ.R. 56(F) provides the remedy for a party who seeks a continuance on a motion for summary judgment in order to conduct discovery relevant to the motion. *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-Ohio-3313, ¶ 58. "Civ.R. 56(F) expressly requires the party opposing the summary judgment motion to submit affidavits with sufficient reasons stating why it cannot present sufficient facts by affidavit to justify its opposition." *Id.* "Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." *Hahn v. Groveport*, 10th Dist. No. 07AP-27, 2007-Ohio-5559, ¶ 30.

{¶ 23} The trial court also found all discovery motions pending as moot when summary judgment was granted.  This was not an abuse of discretion as the trial court properly determined that appellant lacked standing or her claims were barred by the doctrine of res judicata.

{¶ 24} The third, seventh, eighth, and tenth assignments of error are overruled.

{¶ 25} The first assignment of error claims that Stamatakos failed to file an answer to appellant's January 25, 2011 complaint.  This argument is not well-taken.  The record shows that Stamatakos answered the complaint on February 22, 2011.  (R. 44.)

{¶ 26} The first assignment of error is overruled.

{¶ 27} The fourteenth assignment of error claims that appellant only received notice of a scheduled mediation on April 19, 2013, one day before the conference which constitutes reversible error.  While the written notice of the conference in the record is April 18, 2013,  appellant argues that oral notice of the conference was given on April 2, 2013 at the pretrial conference.  Regardless, a possible lack of notice of a mediation conference would not alter the granting of summary judgment.

{¶ 28} Appellant cannot be found to be prejudiced by her attempt to terminate her own counsel, Adam Hubble, the day before the conference on April 18, 2013.  Her counsel's withdrawal was not granted by the trial court.  This was due to Loc.R. 18.02 which barred withdrawal within 20 days of trial.  Trial was set for April 29, 2013.  (R. 120.)  Both parties were represented by counsel at the mediation on April 19, 2013.  (R. 126.)

{¶ 29} The fourteenth assignment of error is overruled.

{¶ 30} Having overruled all the assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and T. BRYANT, J., concur.

T. BRYANT, formerly of the Third Appellate District, assigned
to active duty under the authority of Ohio Constitution, Article
IV, Section 6(C).

_____