[Cite as *Burnham v. Cleveland Clinic*, 2017-Ohio-1277.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102038

# DARLENE BURNHAM

### PLAINTIFF-APPELLEE

vs.

# CLEVELAND CLINIC, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823973

**BEFORE:** Kilbane, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 6, 2017

**ATTORNEYS FOR APPELLANTS**

Bret C. Perry
Jason A. Paskan
Bonezzi Switzer Polito & Hupp Co., L.P.A.
1300 East 9th Street
Suite 1950
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Alexander L. Pal
Obral, Silk & Associates
55 Public Square
Suite 1700
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

**{¶1}** This case is before this court on remand from the Ohio Supreme Court in *Burnham v. Cleveland Clinic*, Slip Opinion No. 2016-Ohio-8000 ("*Burnham II*"), for review of our decision in *Burnham v. Cleveland Clinic*, 8th Dist. Cuyahoga No. 102038, 2015-Ohio-2044 ("*Burnham I*").

**{¶2}** In our decision, we relied on the Ohio Supreme Court's decision in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, and concluded that the trial court's grant of plaintiff-appellee Darlene Burnham's ("Burnham") motion to compel was not a final, appealable order. *Burnham I*. In *Burnham II*, the Ohio Supreme Court reversed our dismissal and remanded the matter for us to consider the merits of defendants-appellants Cleveland Clinic and Cleveland Clinic Health System's ("Clinic") appeal. For the reasons set forth below, we affirm the trial court's judgment.

**{¶3}** The facts of this appeal were set forth by this court in *Burnham I*.

In March 2014, Burnham filed a complaint against the [Clinic] for injuries she sustained while visiting her sister at the main campus of the Cleveland Clinic Hospital. Burnham alleges that a [Clinic] employee negligently poured liquid on the floor and failed to warn her of this condition, causing her to slip and fall. Burnham propounded interrogatories and a request for production of documents with her complaint.

Burnham's discovery requests sought information pertaining to the identity of witnesses, witness statements, and the incident report pertaining to her slip and fall. [The incident report is titled "Safety Event Reporting System" and is referred to as "SERS."] [The Clinic] objected to the majority of Burnham's requests, citing either the attorney-client privilege, work-product doctrine, or peer review and quality assurance privilege. It did provide the names of the employees involved in the incident and the employee who was present at the time of Burnham's fall. In June 2014, Burnham filed a motion compelling the [Clinic] to produce discovery

responses, including the SERS report. The trial court then ordered the parties to submit a brief regarding the privilege issue and ordered the [Clinic] to file a privilege log. The trial court also conducted an in camera inspection of the SERS report. After considering both parties' arguments and the in camera inspection, the trial court found that the report was not privileged and granted Burnham's motion to compel. The court ordered the [Clinic] to respond to Burnham's discovery requests and produce the SERS report to Burnham.

* * *

The [Clinic then appealed to this court, arguing] that the SERS report is protected under the attorney-client privilege. It maintains that the report was prepared to aid its risk management and law departments, as well as outside counsel, in the investigation of a potential lawsuit.

*Id.* at ¶ 2-3, 5.

**{¶4}** Relying on *Chen*, we dismissed the appeal for lack of a final, appealable order, finding that

the [Clinic] failed to establish that they would not be afforded a meaningful or effective remedy through an appeal after a final judgment is entered. Burnham seeks the production of the incident report (SERS) documenting her slip and fall. In its supplemental brief, the [Clinic] argues that the SERS report is subject to the attorney-client privilege, and once the report is disclosed "the bell will have rung" if it contains sensitive material, and it would have no adequate remedy on appeal. While the [Clinic] contends that "the bell will have rung," it does not affirmatively establish that an immediate appeal is necessary, nor does it demonstrate how it would be prejudiced by the disclosure. Without an indication that the requirement in R.C. 2505.02(B)(4)(b) has been met, we do not have a final, appealable order.

*Id.* at ¶ 13.

**{¶5}** The Clinic appealed from our decision to the Ohio Supreme Court in

*Burnham II.* The court accepted the Clinic's discretionary appeal to

resolve whether an order compelling the production of documents allegedly protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4). [The court] also accepted review to clarify our holding regarding privilege, the attorney work-product doctrine, and R.C. 2505.02(B)(4)(b) in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633.

*Id.* at ¶ 1. The *Burnham II* court held that

an order requiring the production of information protected by the attorney-client privilege causes harm and prejudice that inherently cannot be meaningfully or effectively remedied by a later appeal. Thus, a discovery order that is alleged to breach the confidentiality guaranteed by the attorney-client privilege satisfies R.C. 2505.02(B)(4)(b) and is a final, appealable order that is potentially subject to immediate review. Other discovery protections that do not involve common law, constitutional, or statutory guarantees of confidentiality, such as the attorney work-product doctrine, may require a showing under R.C. 2505.02(B)(4)(b) beyond the mere statement that the matter is privileged. Our holding in *Chen* is limited to the latter context.

Because [the Clinic] has plausibly alleged that the attorney-client privilege would be breached by disclosure of the requested materials, the order compelling the disclosure is a final, appealable order. Contrary to the dissent's view, we are not characterizing the requested material as being covered by the attorney-client privilege, but are merely requiring appellate review of the trial court's decision. We therefore reverse the dismissal of the appeal and remand to the court of appeals to determine whether the trial court erred in ordering the incident report released.

*Id.* at ¶ 2-3.

**{¶6}** In the dissent, Justice Pfeifer stated that he dissents from

elevating the incident report in this case to the exalted status of being the product of attorney-client privilege, requiring the immediate intervention of the appellate court to protect the [Clinic] from what exactly — the disclosure of its top-secret ratio of water to Mop & Glo? This was a run-of-the-mill, wet-floor, slip-and-fall case that generated an automatically produced report, a business record that involved in its production no interaction between the client and its in-house or outside counsel; its

purpose was to notify the risk-management and law departments of an event that might result in legal action.

"Trial courts * * * have extensive jurisdiction over discovery, including inherent authority to direct an in camera inspection of alleged privileged materials * * *." *State ex rel. Abner v. Elliott*, 85 Ohio St.3d 11, 16, 1999-Ohio-199, 706 N.E.2d 765 (1999). The trial court did its job here and found the report to not be privileged; its decision can be reviewed on appeal in due course without doing damage to the sanctity of the attorney-client privilege.

*Id.* at ¶ 80-81.

**{¶7}** We now address the Clinic's sole assigned error — whether the trial court erred in ordering the production of the SERS report.

### Standard of Review

**{¶8}** Generally, a discovery dispute is reviewed under an abuse of discretion standard. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13, citing *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, 853 N.E.2d 657. However, whether the information sought in discovery is confidential and privileged "is a question of law that is reviewed de novo." *Id.*, citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 604 N.E.2d 808 (1992).

### Attorney-Client Privilege

**{¶9}** "In Ohio, the attorney-client privilege is governed by * * * R.C. 2317.02(A), and in cases not addressed in R.C. 2317.02(A), by common law." *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 18. "R.C. 2317.02(A), by its very terms, is a mere testimonial privilege

precluding an attorney from testifying about confidential communications." *Id.* at ¶ 26. Whereas, the common-law attorney-client privilege "'reaches far beyond a proscription against testimonial speech. The privilege protects against any dissemination of information obtained in the confidential relationship.'" *Id.*, quoting *Am. Motors Corp. v. Huffstutler*, 61 Ohio St.3d 343, 348, 575 N.E.2d 116 (1991).

{¶10} In *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 12 (8th Dist.), we stated that

> the party invoking the protection of the attorney-client privilege must establish the following: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by his legal advisor, (8) except the protection be waived." *Fausek v. White* (C.A.6, 1992), 965 F.2d 126, 129, quoting *Humphreys, Hutcheson & Moseley v. Donovan* (C.A.6, 1985), 755 F.2d 1211, 1219. The attorney-client privilege, where not waived, protects communications relating to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily either an opinion of law or legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort. *United States v. United Shoe Machine Corp.* (D.Mass.1950), 89 F.Supp. 357, 358.

{¶11} Here, the Clinic maintains the SERS report is subject to the attorney-client privilege and not discoverable because it was prepared to aid its risk management and law departments, as well as outside counsel, in their investigation of a potential lawsuit. In support of its argument, the Clinic relies primarily on *Cleveland Clinic Health Sys. — E. Region v. Innovative Placements, Inc.*, 283 F.R.D. 362 (N.D.Ohio 2012) ("*CCHS*").

{¶12} In *CCHS*, the Northern District Court found that CCHS's SERS report regarding the death of a patient was protected by peer-review privilege and attorney-client

privilege. The patient ("M.D.") died while in Huron Hospital's emergency department. Richard Briganti ("Briganti") was a nurse at the hospital who was involved with M.D.'s care. Innovative Placements, Inc. employed Briganti and placed him at Huron Hospital. M.D.'s estate sought compensation for M.D.'s death from CCHS. CCHS reached a settlement agreement with M.D.'s estate before the estate filed suit against it. CCHS thereafter filed a complaint against Innovative Placements, Inc., and Briganti for indemnity. *Id.* at 364.

{¶13} Innovative Placements, Inc., and Briganti filed a letter with the court alleging that CCHS had failed to respond to their discovery requests properly and adequately. CCHS maintained that some of the requested documents, including the SERS report, were protected by Ohio's peer-review privilege statute as well as by the attorney-client privilege and the work-product doctrine. *Id.*

{¶14} The court found that the report was privileged as peer-review materials. *CCHS*, 283 F.R.D. at 368. The court further found that the SERS report was protected from discovery by the attorney-client privilege. *Id.* The *CCHS* court held that the attorney-client privilege generally covers incident reports prepared for the risk-management department of a hospital. *Id.* at 369, citing *Flynn v. Univ. Hosp., Inc.*, 172 Ohio App.3d 775, 2007-Ohio-4468, 876 N.E.2d 1300, ¶ 13. The court noted that CCHS included with its documents to the court an affidavit by Carol J. Moskowitz ("Moskowitz"), a registered nurse and a licensed attorney who works in the Office of

General Counsel for CCHS and participated in its investigation of M.D.'s death.  In her affidavit, Moskowitz declared that

> she — as a licensed attorney, Clinical Risk Manager, and employee in Plaintiffs' Office of General Counsel — compiled the information in the Documents and participated in their creation for purposes of peer review, quality assurance, and in anticipation of litigation; and that she participated in peer review and quality assurance meetings.

*Id.* at 369.   Based on the foregoing, the court found that it was objectively reasonable for CCHS to anticipate litigation.   *Id.*

{¶15} We find the instant case distinguishable from *CCHS*.   In *CCHS*, the SERS report did not contain any statements made by the plaintiff (patient), and the individual who prepared the report, was identified.   She averred that

> as a licensed attorney, Clinical Risk Manager, and employee in [CCHS's] Office of General Counsel — *[she] compiled the information in the Documents and participated in their creation for purposes of peer review, quality assurance, and in anticipation of litigation; and that she participated in peer review and quality assurance meetings completed*.

(Emphasis added.)   *Id.* at 369.   Whereas in the instant case, the SERS report  potentially contains statements made by Burnham (a nonpatient), and the Clinic has refused to identify the individual or individuals who completed the report or identify anyone else who gave a witness statement in the report.   Without the SERS report, Burnham, as the plaintiff, does not know if the report contains any statements regarding the incident made by her or any witnesses, who completed the report, or if the report was specifically completed by a member of the risk management or legal department in anticipation of

litigation. Furthermore, it is unknown if the person who completed the SERS report created it in anticipation of litigation.

**{¶16}** We recognize that while "[c]ommunications made to an employer's counsel by employees are encompassed within the attorney-client privilege[, the] privilege does not prevent disclosure by the employees of the underlying facts." *Tyes v. St. Luke's Hosp.*, 8th Dist. Cuyahoga No. 65394, 1993 Ohio App. LEXIS 5735, *3 (Dec. 2, 1993). Here, the trial court reviewed the parties' briefs on the matter, reviewed the SERS report through an in camera inspection, and concluded that the report should be disclosed to Burnham. We agree, there is no indication in the record that the person who completed the SERS report, did so in anticipation of litigation or was a risk manager or an employee of the Clinic's Office of General Counsel. Therefore, we do not find that the Clinic has satisfied its burden of proof that the SERS report is privileged.

**{¶17}** Accordingly, the sole assignment of error is overruled.

**{¶18}** Judgment is affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR